## EDWIN H. WOLCOTT, RESPONDENT, *v.* UNITED LIFE AND ACCIDENT INSURANCE ASSOCIATION, APPELLANT.

*Insurance against accidents — total disability — what is, within the meaning of the policy.*

In an action to recover upon a policy of insurance against total disability resulting from external, violent and accidental injury, it appeared that the plaintiff sustained an injury to his hip which totally disabled him from engaging in the practice of his profession as a medical practitioner for a period of two weeks, for which period, upon his application for payment, he received the sum specified in the policy. He was subsequently again prostrated and confined to his room and bed for a further period of four weeks by reason of the injury so received; but during such last-mentioned time he occasionally permitted a patient to come to his bed-side when he would make some examination, and at times reached for or received certain medicines in his room which he advised should be administered, but did not, during this time, leave his bed, where his attending physician very strenuously insisted that he should remain.

*Held,* that the foregoing facts did not preclude him from claiming, during the continuance of such subsequent four-weeks disability, the sum specified in the policy.

That total disability must, of necessity, be a relative matter depending largely upon the occupation and employment in which the party insured is engaged.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of Monroe on the 31st day of May, 1889, upon the report of a referee, by which it was adjudged that the plaintiff recover from the defendant the sum of $103.76, together with costs.

The action was brought to recover the sum of $100, an alleged

balance unpaid on a certificate of insurance issued by the defendant on the life and person of the plaintiff.

The policy of insurance provided for the payment of "a sum not exceeding twenty-five dollars per week for loss arising from total disability, not to exceed twenty-six weeks, caused by any one injury, which said disability must result from bodily injuries caused by external, violent and accidental means."

*John N. Beckley,* for the appellant.

*George C. Wolcott,* for the respondent.

Macomber, J.:

The action is upon a policy of insurance issued by the defendant to the plaintiff in November, 1887, whereby the defendant agreed to pay the plaintiff, in case of total disability resulting from external, violent and accidental injury, the sum of twenty-five dollars per week, but not to exceed twenty-six weeks in any one year.

In the month of July, 1888, the plaintiff, it is conceded, met with an accident by which his hip was injured without fault on his part, and was totally disabled for a period of at least two weeks; at the end of the two weeks, supposing himself to be substantially recovered and able to resume his duties, which were those of a medical practitioner, having in charge a general practice, he applied for payment to the defendant and stated his claim to be for two weeks at twenty-five dollars per week. This sum was paid him and a receipt was signed by him for the amount, but it was stated in the handwriting of the plaintiff, added to the printed form, to be up to date only.

It turned out afterwards, upon evidence which is uncontradicted, that the injuries received in July again prostrated him, and he was confined to his room and bed for a further period of four weeks, and was unable to go upon his rounds or to visit any patient. He did, however, during this time, as well as during the first two weeks of his confinement, occasionally permit a patient to come to his bed-side, when he would make some examination, and at times reached for or received certain medicines in his room which he advised to be administered, but never, so far as the evidence shows, did he leave his bed during this time. His attending physician was very strenuous in enforcing his advice that he should remain in bed.

The question, therefore, is, from these facts, whether the plaintiff was totally disabled during the four weeks from the 13th day of September to the 11th day of October, 1888, for the receipt which he gave did not preclude him from claiming for such subsequent total disability, which he did not apprehend when the first payment was made to him. Total disability must, from the necessity of the case,. be a relative matter, and must depend largely upon the occupation and employment in which the party insured is engaged. One can readily understand how a person who labors with his hands would be totally disabled only when he cannot labor at all. But the same rule would not apply to the case of a professional man whose duties require the activity of the brain, and which is not necessarily impaired by serious physical injury. If a person engaged in the general practice of medicine and surgery is unable to go about his business, enter his office and make calls upon any of his patients, but is confined to the bed, as in this instance, and enabled only to exercise his mind on occasional applications to him for advice, he may be said to be totally disabled within the meaning of the provisions of this policy. (Bliss on Life Insurance, 723 *et seq.*)

It is argued that an exception was well taken in respect to the testimony of the plaintiff. He was asked this question : " Did you consult Dr. Lee at that time as to your then condition ? Yes, sir ; he made an examination and gave me an opinion. What was that opinion, what did he say ? " This was " objected to as incompetent and irrelevant, not being embraced within the period of time referred to in the complaint." Objection was overruled and exception taken. This evidence could not have materially injured the defendant's case for the fact therein contained was reaffirmed by Dr. Lee, who was subsequently called ; but the objection did not go to the extent of claiming that the question was incompetent because it was mere hearsay evidence, but it was put solely upon the ground that it was not embraced within the period of time referred to in the complaint. This was untenable. When Dr. Lee was called upon the subject of the extent of the injuries of the plaintiff from September thirteenth to October eleventh, he said, unqualifiedly, that he insisted upon the plaintiff retaining his bed for four weeks. He did so. There is no reason (in the absence of evidence that the confinement was caused by something else than the injuries received

in July) why the plaintiff should not recover for those four weeks as well as for the two immediately succeeding the time of the injury. The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.