HOHN *v.* INTER-STATE CASUALTY CO.

1. ACCIDENT INSURANCE—DELAYED NOTICE—WAIVER.

Failure of the insured to give notice of an injury within the time required by an accident policy is waived by the insurance company's asking for further information after receiving notice, without suggesting that the notice came too late.

2. SAME—PROOFS OF DISABILITY—DEFENSES.

An accident insurance company which, before the expiration of the time allowed for furnishing the company with proof of the duration of disability, refuses absolutely to pay any amount, on the ground that immediate notice of the injury was not given, cannot deny the right of the insured to recover for the full time of disability on the ground that a less time was claimed in the proof of disability furnished.

3. SAME—TOTAL DISABILITY—WHAT CONSTITUTES.

> A barber insurèd against accidents by a policy providing that if the injuries, independent of all other causes, shall "immediately, continuously, and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation," the company will pay a specified indemnity during the continuance of such "total disablement," is not prevented from recovering for an accident as for a total disablement because he goes to his place of business for several days after the accident, where he is practically unable to perform any work while there because of his injuries, and after a few days is forced to remain at home for several weeks.

Error to Saginaw; Wilber, J. Submitted October 8, 1897. Decided November 23, 1897.

*Assumpsit* by Julius C. Hohn against the Inter-State Casualty Company, of New York, on a policy of accident insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*John M. Brooks*, for appellant.

*F. E. Emerick*, for appellee.

MOORE, J. Plaintiff recovered a judgment against the defendant, from which judgment defendant appeals. The plaintiff was a barber by occupation. According to his testimony, he slipped, and, in the effort to save himself from falling, he received a severe wrench in the small of his back. The next day, Saturday, he went to his place of business, late. He suffered pain all the time, and did some work, but not nearly what he would have done if he had been well. Saturday night and all day Sunday he applied liniment and plasters to his body, the pain going all through his body, and lay on a couch all day Sunday. On Monday he went to his shop, and attempted to do some work. He suffered such pain that he fainted away. A doctor was called, who found him nearly, if not quite, unconscious, and he was sent home in a hack. During that week he got some better, and visited his shop each

day, suffering pain all the time, and occasionally working a little, but was unable to perform all the duties of his business because of the pain he suffered.   On the second Saturday, while at the shop, he was forced to lie down, and was taken to his home and bed, where he remained for some weeks.   He got some better, and went out by advice of his physician, took some cold, and was again confined to his bed.

Error is alleged in relation to the admission of testimony. We do not deem it necessary to discuss the allegation of error in that respect, but do not think any error was committed.

Error is also assigned in relation to an amendment which was permitted of the bill of particulars and of the declaration.   Notice was given of the proposed amendment to the attorney for the defendant, some days before the trial.   We think the amendment was within the discretion conferred by the statute upon the trial judge.   2 How. Stat. § 7031.

It is claimed on the part of the appellant that plaintiff did not give the notice of injury within the time required by the policy.   Notice was given January 15th.   On March 3d defendant company wrote plaintiff asking for further information, and did not suggest that the notice came too late.   We think the trial judge was right in saying that this was a waiver of time in giving the notice. Nibl. Acc. Ins. & Ben. Soc. § 419; *Towle* v. *Insurance Co.*, 91 Mich. 227, and cases there cited.

It is urged now that, as the proof of disability claimed for only five weeks', plaintiff cannot now recover for nine weeks,' disability.   The company refused to pay any of the claim, and based its refusal upon the ground that immediate notice was not given, which we have already shown was waived, and also because the disability was the result of illness, and not the result of the accident. By the terms of the policy, the plaintiff had two months from the time of the termination of the disability in

which to furnish the company affirmative proof of the duration of disability. Long before this term expired, the company informed the plaintiff it would pay him nothing. In view of this fact, we do not think it can now avoid part of its liability because of a failure to furnish proof of the duration of disability, when it had informed the plaintiff that, no matter what his proof might be, it would not pay.

The policy contained this provision:

"If such injuries, independently of all other causes, shall immediately, continuously, and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation, the company will pay the insured the weekly indemnity before specified, during the continuance of such total disablement, not exceeding 52 consecutive weeks."

It is the claim of the defendant that as plaintiff, according to his own testimony, visited his shop for several days, and did some work, he was not totally disabled, within the meaning of the policy, and could not recover. The trial judge submitted the question of total disability to the jury, as follows:

"Was it a total disablement of the plaintiff immediately after the injury? He went to the shop the next day. He did some work. In the opinion of the court, if that portion of his testimony, and I only quoted a part of it to you,—you are to consider all of the testimony; but if it was a fact that from the time he was in the shop he did occasionally attempt to do certain portions of the work, but that whenever he attempted to do that he suffered additional great bodily pain, bodily discomfort, that it rendered him so weak that in a short time he had to sit down,—if that is true, it might be a case of total disablement, or disablement within the meaning of this policy. I think it would be, in the ordinary acceptation of that term, a total disability. That it does not mean that a party shall not have the physical power, perhaps, to do something, even if he in doing it suffers great bodily pain. If he was disabled to that extent, that whatever he did in that shop caused him this suffering, and caused him to desist in a short time, as he claims, then I think his con-

dition may properly be described as a total disability. But if it was less than that, if he was able to do some work there, under the terms of this policy, and simply suffering inconvenience or perhaps some pain, but not as severe as I have described, it would not be a total disability, within the meaning of this policy.

"You will notice by the terms of the policy that it must not only be a total disablement, but it must occur immediately, and it must continue during the entire time. That is the contract these parties have made, and, before he is entitled to recover, you must find that to be the fact. He claims for nine weeks from the 3d day of January. You have heard his testimony as to the conditions under which he worked. It is a question of fact for you to find whether or not, under the rule I have given you, there was a total disablement immediately after that injury. You may take into consideration, not simply that portion of his testimony that I have referred to, but all of the testimony that he has given upon that subject, the testimony of all the witnesses that has had any bearing upon that subject, any statement that he may have made in writing to the company or others bearing upon that question. It is claimed that the total disability occurred from the 11th, and that there was a partial disability from the 3d until the 11th. I think that was the language of it. You may consider that and all the facts and circumstances in determining just what the truth of the matter is. If you should find, as a matter of fact, that he was partially disabled from the 3d until some time when he was taken home and remained there, and he was totally disabled after that, then the plaintiff would not be entitled to recover at all, for the reason that that is not the contract that he has made. Such injuries, independently of all other causes, shall immediately, continuously, and wholly disable and prevent him from performing any and every kind of duty pertaining to his business; that is the contract. If you find that it has so disabled him, then the next question is, for what length of time? The plaintiff claims here that he was totally disabled for the term of nine weeks. The claim of the defendant is that, even if the difficulty or the sickness that he suffered was caused by this injury, there was no total disability at first, and that the total disability did not commence until the 11th, and that it continued for only five weeks from the 11th. Of course, if that is true, that the total disability commenced on the 11th, and he was totally disabled for

five weeks after that, then he would not be entitled to recover, for the reason that there was only a partial disability from the 3d until the 11th. The total disability was not immediate, and was not continuous."

Was this error? There is some apparent conflict in the authorities. In the case of *Wolcott* v. *Ins. Ass'n*, 55 Hun, 98, under a policy containing like provisions, a physician was allowed to recover for a time when he was confined to his bed by an accident, though during that time he occasionally examined and prescribed for patients who came to his bedside; the physician furnishing to the patients medicines which he was able to reach while in bed. In the opinion it was said:

"Total disability must, of necessity, be a relative matter, and must depend largely upon the occupation and employment in which the party insured is engaged. One can readily understand how a person who labors with his hands would be totally disabled only when he cannot labor at all; but the same rule would not apply to a professional man, whose duties require the activity of the brain, and which is not necessarily impaired by serious physical injury. If a person engaged in the general practice of medicine and surgery is unable to go about his business, enter his office, and make calls upon any of his patients, but is confined to the bed, as in this instance, and enabled only to exercise his mind on occasional application to him for advice, he may be said to be totally disabled, within the meaning of the provisions of this policy."

In *Young* v. *Insurance Co.*, 80 Me. 244, it is said:

"A contract of insurance is to receive a reasonable construction, so as to effectuate the purpose for which it was made. In cases of doubt it is to be liberally construed in favor of the insured, that in all proper cases he may receive the indemnity contracted for. At the same time, legal effect should be given to all the language used, for the purpose of guarding the company against fraud and imposture. The object to be accomplished by this contract was indemnity to the plaintiff for loss of time from being wholly disabled from prosecuting his business by an injury received as specified in the policy. He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution.

*  *  *  We think the presiding justice might have gone further in the construction of this' clause of the policy, and instructed the jury that, to entitle the plaintiff to recover, he was not required to prove that his injury disabled him to such an extent that he had no physical ability to do what was necessary to be done in the prosecution of his business, but that it was sufficient if he satisfied them that his injury was of such a character and to such an extent that common care and prudence required him to desist from his labors, and rest, so long as it was reasonably necessary to effectuate a speedy cure,—so that a competent and skillful physician called to treat him would direct him so to do.    It is the duty of the insured towards the insurer to use all due care, and pursue the proper course, to effect a cure, so that the loss of time for which he is to receive indemnity may be no greater than is reasonably necessary."

The same doctrine is announced in the recent case of *Lobdill* v. *Aid Ass'n*, (Minn.) 71 N. W. 696.    In the case of *Turner* v. *Casualty Co.*, 112 Mich. 425, the questions involved in these cases are discussed fully, and it will not be necessary to discuss them further.    We think the question was fully and fairly submitted to the jury.

Judgment is affirmed.

The other Justices concurred.