BRENDON v. TRADERS' & TRAVELERS' ACCIDENT CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. INSURANCE—ACCIDENT POLICY—IMMEDIATE DISABILITY.

An accident policy insured plaintiff against bodily injuries, provided the accident "immediately" wholly disabled plaintiff from performing any and every kind of business pertaining to his occupation. Plaintiff's knee was twisted and strained by the lurch of a street car in which he was riding. He felt pain in his knee at the time, but went to his home; and, on the knee beginning to swell, he put cold applications thereon. The next morning the pain and swelling continued, but plaintiff made a necessary visit to a patient in the immediate neighborhood, and then he returned home. He did not go out again for nearly three weeks, during which time he was in bed, and his knee was put in splints, and kept immovable and bandaged by plaintiff's physician. *Held,* that plaintiff

was "immediately" disabled by the accident within the terms of the policy, regardless of his visit to the patient the succeeding day.

**2. SAME.**

The fact that plaintiff only claimed a total disability from the third day after his injury, when he was obliged to take to his bed, did not estop him from claiming that the accident created an immediate, continuous, and total disability.

**3. SAME—COSTS—ALLOWANCES.**

Under Municipal Court Act, § 332 (Laws 1902, p. 1585, c. 580), providing that, if plaintiff's recovery is less than $100, he is only entitled to recover an allowance of $10 as costs, it was error for the court, in an action wherein plaintiff recovered less than $100, to grant an allowance as costs exceeding $10.

Appeal from Appellate Term.

Action by Edwin V. Brendon against the Traders' & Travelers' Accident Company of New York. From a judgment of the Municipal Court in favor of plaintiff, reversed by the Appellate Term of the Supreme Court, plaintiff appeals. Judgment of Appellate Term of the Supreme Court, reversing judgment of the Municipal Court, modified and affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Morris Putnam Stevens, for appellant.

Abel Crook, for respondent.

LAUGHLIN, J. The action is upon a membership certificate or insurance policy issued by the defendant to the plaintiff, whose occupation was stated to be that of a physician, insuring him against "bodily injuries sustained during his membership through involuntary, external, violent and accidental means, independently of all other causes." The certificate or policy provided that:

"If such accident independently of all other causes shall immediately, continuously and wholly disable the insured member from performing any and every kind of business pertaining to his occupation before stated, the company will pay him the sum of twenty-five dollars per week during the continuance of such disability not exceeding fifty-two consecutive weeks."

The policy further provided that:

"If such injuries are sustained while riding as a passenger in or on a passenger conveyance using steam, cable or electricity as a motive power, the amount to be paid shall be the maximum amount as laid down in the company's schedule of classification of risks printed on the back of this policy."

The maximum amount to which this provision related was $30 per week.

On the afternoon of the 18th of February, 1902, the plaintiff was a passenger on a Lexington avenue car. The car was crowded, and he was obliged to stand. The car started suddenly to go around the curve from Twenty-Third street to Broadway. The plaintiff was holding on to a strap, and was swung violently around, his weight resting on his left foot, which was held in place by the feet of other people, and his knee was twisted and strained. He felt quite a little pain at the time, and when the car reached Eighteenth street he transferred to another car and went to his home, at 213 West Twelfth street. The knee continued quite painful, and commenced to

swell that evening. He put on cold applications and remained home. In the morning the pain and swelling continued, but he made a necessary visit to a patient near by, and then returned home, and there remained. The next day the knee was still more swollen and painful, and he could scarcely move it at all. On the 21st its condition was such that he was obliged to go to bed and have it treated. A physician was called, and the knee was put in splints, and kept immovable and bandaged. He remained in bed for nearly three weeks.

The principal question presented is whether the accident "immediately, continuously and wholly disabled" the plaintiff from performing any and every kind of business pertaining to his occupation. We are of opinion that it did, within the fair intent and meaning of the policy. The only act that he performed as a physician was to pay a necessary visit to a single patient in the immediate neighborhood of his residence. The undisputed evidence relating to the subsequent history of the injury shows that he was really unable to perform this visit, in justice to himself. The fact that his sense of his professional obligation to his patient led him to make this visit when he was in a crippled and substantially disabled condition is not sufficient, in and of itself, to show that he was not continuously and wholly disabled. The injury had been sustained. It affected him immediately. The disability attached immediately, and was progressive and continuous. If the insurance did not cover such a condition, it was of little value; and to allow an insurance company to receive large premiums and escape liability in these circumstances would be to sanction the perpetration of a fraud upon its policy holders. The rule of construction applicable to these insurance policies, which are carefully prepared by the insurance companies in their own interests, is that the words employed shall be construed most strictly against them. In Preferred Masonic Mutual Accident Ass'n v. Jones, 60 Ill. App. 106, it was held that a salesman who was able to perform his duties for five days after an accident was not "immediately, wholly and continuously disabled," and the court held that the word "immediately," in this connection meant, "presently, without any substantial interval." In Merrill v. Travelers' Ins. Co., 91 Wis. 329, 64 N. W. 1039, the court, in construing a similar clause, held that "the word 'immediately' refers to proximity of time with the injury, and is used in the sense of 'presently, without lapse of time or material delay,'" and that the claim for damages "must have ensued so closely upon the accident that he was wholly disabled from proceeding and transacting the business of his occupation regularly and in its due and proper course." In Ritter v. Accident Association, 185 Pa. 90, 39 Atl. 1117, where, after the accident, and on the same day, the plaintiff, a real estate and insurance agent, picked cherries for an hour and a half from a stepladder, and the next two days went to his office, and received rent from a few persons for his clients, and the third day was paralyzed in his lower limbs and totally disabled, the court approved a charge that immediately referred to time, rather than cause, but did not mean instantaneously; that it meant within a reasonable time, which was a question of law for the court; and that in these circumstances the disability followed within a reasonable time. In Wolcott v. United Life Accident Ins. Co., 55 Hun, 98, 8 N. Y.

Supp. 263, it was held that the fact that a physician, while in bed, examined a patient, reached for medicines, and advised as to their use, did not show that he was not totally disabled. In Lobdell v. Laboring Men's Mutual Aid Ass'n, 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. Rep. 542, it was held that occasional and trivial acts by a merchant in connection with his business did not show want of total disability. In Hohn v. Interstate Casualty Co., 115 Mich. 79, 72 N. W. 1105, where a barber, after meeting with an accident, went to his shop, and did some work for several days, suffered pain, became weak, and was obliged to desist, and on the eighth day took to his bed, where he remained for several weeks, it was held that he was immediately and totally disabled, within the meaning of a similar provision in an insurance policy. Within these authorities, it is clear that a single act in the line of his profession, such as was performed by this plaintiff, does not bar him from claiming that he was immediately, continuously, and wholly disabled.

In the proof of claim filed by the plaintiff, he stated the time and circumstances of the injury; but he only claimed total disability from the third day, when he was obliged to take to his bed. It is claimed that this prevents a recovery, on the theory that it shows that total disability was not immediate. This contention cannot be sustained. He claimed for a total disability from the 21st of February to the 14th of March—a period of three weeks—and the recovery was for that period. His failure to make the claim for the first three days may have been a waiver of the insurance for that time, and it was some evidence to be considered by the jury on the question of whether his disability was immediate; but he was not estopped thereby from claiming immediate, continuous, and total disability, in order to recover the insurance for the period for which he had presented a claim, which was more favorable to the insurance company than the facts warranted.

The plaintiff's recovery was less than $100, and, under section 332 of the Municipal Court act (Laws 1902, p. 1585, c. 580), he was only entitled to recover an allowance of $10 as costs upon the recovery. He was, however, allowed $12.

It follows, therefore, that the determination of the Appellate Term should be reversed, and the judgment of the Municipal Court modified by reducing the statutory allowance of costs upon the recovery to $10, and, as modified, affirmed, with costs. All concur.