Thomas H. McGrail, Appellant, *v.* Equitable Life Assurance Society of the United States, Respondent.

Argued December 2, 1943; decided April 20, 1944.

*Michael D. Reilly* for appellant. I. The evidence justified a finding that the accident was the sole and exclusive cause of the plaintiff's disability. (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Ætna Life Ins. Co.* v. *Young*, 113 F. 2d 601; *Preferred Accident Ins. Co. of New York* v. *Combs*, 76 F. 2d 775; *Lewis* v. *Ocean Acc. & G. Corp.*, 224 N. Y. 18; *Schwartz* v. *Commercial Travelers Mutual Association*, 132 Misc. 200, 227 App. Div. 711, 254 N. Y. 523; *Miller* v. *F. & Cas. Co.*, 97 F. 836; *Ætna Life Ins. Co.* v. *Young*, 103 F. 2d 839.) II. The evidence justified a finding that the plaintiff was wholly and continuously disabled from the date of the accident. (*Parmelee* v. *Hoffman Fire Ins. Co.*, 54 N. Y. 193; *McMaster* v. *Pres., etc., Ins. Co. of N. Am.*, 55 N. Y. 222; *Keels* v. *Mutual Reserve Fund Life Ass'n.*, 29 F. 198; *Clarke* v. *Travelers Ins. Co.*, 94 Vt. 383; *Brendon* v. *Traders & Travelers' Acc. Co.*, 84 App. Div. 530; *Wolcott* v. *United L. & A. Ins. Assn.*, 55 Hun 98; *Harasymczuk* v. *Massachusetts Accident Co.*, 127 Misc. 344; *New York L. Ins. Co.* v. *McLean*, 214 Ala. 401; *Carmichael* v. *Benefit Association of Ry. Employers*, 153 Wash. 542; *Booth* v. *United State Fidelity & Guaranty Co.*, 130 Atl. 131; *Gross* v. *Commercial Cas. Ins. Co. of Newark*, 101 Atl. 169.) III. Acceptance of the defendant's check in a lesser amount than that to which he was entitled did not prejudice plaintiff's rights. (*Gillet* v. *Bank of America*, 160 N. Y. 549.) IV. The court should construe the language of the policy so as to accomplish the object of the parties in making the contract. (*Neill* v. *United Friends*, 149 N. Y. 430;

*Thayer* v. *Standard Life & Accident Insurance Co.,* 68 N. H. 577; *Harasymczuk* v. *Massachusetts Accident Co.,* 127 Misc. 344; *Medlinsky* v. *Metropolitan Life Ins. Co.,* 146 Misc. 855.) V. The Appellate Division erred in dismissing the complaint. (*Queeney* v. *Willi,* 225 N. Y. 374; *King* v. *Interborough Rapid Transit Co.,* 233 N. Y. 330.)

*Charles E. Nichols* for respondent. I. There can be no recovery under the accident provisions of the policy where the accident is not the sole and exclusive cause of the disability. (*Whitlatch* v. *Fidelity & Casualty Co.,* 149 N. Y. 45; *Weil* v. *Globe Indemnity Co.,* 179 App. Div. 166; *Landon* v. *Preferred Accident Ins. Co.,* 43 App. Div. 487; *Lavine* v. *Indemnity Ins. Co.,* 260 N. Y. 399.) II. Where at the time of the accident there was an existing disease which co-operated with the accident and without which the accident would not have produced the disability, the accident cannot be considered as the sole cause, independent of all other causes. (*McMartin* v. *Fidelity & Casualty Co.,* 264 N. Y. 220; *Smith* v. *Massachusetts Bonding & Insurance Co.,* 207 App. Div. 682, 241 N. Y. 558; *Allendorf* v. *Fidelity and Casualty Co.,* 250 N. Y. 529; *Reynell* v. *Indemnity Insurance Co.,* 258 N. Y. 572; *Morrett* v. *Metropolitan Life Insurance Co.,* 154 Misc. 825, 243 App. Div. 844, 268 N. Y. 727; *Silverstein* v. *Metropolitan Life Ins. Co.,* 254 N. Y. 81; *Goldstein* v. *Standard Accident Ins. Co.,* 236 N. Y. 178.) III. The accident could not have produced the coronary thrombosis without the contributing factor of disease. IV. The coronary thrombosis was precipitated by an aggravation of the existing diseased condition. V. Arteriosclerosis is a disease of a chronic and progressive nature and not merely a predisposing tendency. (*Romanoff* v. *Commercial Travelers Mut. Acc. Assn. of A.,* 243 App. Div. 725; *Christian* v. *Metropolitan Life Insurance Co.,* 252 App. Div. 252; *Order of the United Commercial Travelers* v. *Nicholson,* 9 F. 2d 7; *Ætna Life Ins. Co.* v. *Ryan,* 255 F. 483; *Commercial Travelers' Mut. Acc. Assn.* v. *Fulton,* 79 F. 423.) VI. Provisions such as those contained in this policy have been construed to mean exactly what they say, which is that unless an insured is totally disabled from the date of the accident there can be no recovery. Partial disability is not sufficient to constitute total, nor is a disability which becomes

total sometime subsequent to the accident one from the date of the accident. (*Johnson* v. *Travelers Insurance Co.,* 269 N. Y. 401; *Hagadorn* v. *Masonic Accident Assn.,* 59 App. Div. 321; *Irwin* v. *Travelers Insurance Co.,* 243 App. Div. 377; *Ruffino* v. *Metropolitan Life Insurance Co.,* 154 Misc. 628; *Ætna Life Ins. Co.,* v. *Young,* 103 F. 2d 839.) VII. The check accepted by plaintiff and the accompanying statement showed that the check was payment for *partial* disability for the period from February 9th to April 1st and while it was accepted as payment " in part " for plaintiff's whole claim against the defendant, it was never accepted as payment " in part " for the period from February 9th to April 1st, and hence, shows clearly that plaintiff assumed that he was only partially disabled prior to April 1st. VIII. Prejudicial error was committed by the trial court in charging the jury. (*McMartin* v. *Fidelity & Casualty Co.,* 264 N. Y. 220; *Johnson* v. *Travelers Insurance Co.,* 269 N. Y. 401.)

RIPPEY, J. On August 4, 1919, defendant issued its policy of insurance to plaintiff whereby it agreed to pay a weekly indemnity for total disability arising from bodily injury effected during the term of the policy solely through external, violent and accidental means, directly and independently of other causes, which injury should wholly and continuously disable the insured from the date of the accident and prevent him from performing " any and every duty pertaining to his occupation," for a period of two hundred consecutive weeks and thereafter so long as the insured should be wholly and continuously disabled by such injuries from engaging in any occupation or employment for wages or profit, or a weekly indemnity for partial disability for a period not exceeding twenty-six weeks following total disability or from the date of the accident if such injuries should continuously disable the insured from performing " one or more important daily duties pertaining to his occupation," except where such accident or disability should be caused directly or indirectly, wholly or partly, by bodily or mental infirmity or disease.

While the policy was still in force, the insured accidentally fell on the ice near his home on February 9, 1940, landing on the back of his head and shoulders. He claims, in this action,

to be entitled to recover indemnity for total disability from April 1, 1940, which disability resulted, from the date of the accident, from a dislocated shoulder, coronary thrombosis and neuritis brought about solely by the accident. Defendant concedes total disability arising from coronary thrombosis and neuritis from and after April 1, 1940, but refused to pay indemnity therefor on the grounds (1) that such disability did not arise at the time of the accident and continue thereafter uninterruptedly, and (2) that the disability for which the insured seeks indemnity was caused directly or indirectly, wholly or partly, by disease. After a trial, plaintiff recovered a verdict from a jury. Upon appeal, the judgment entered upon that verdict was set aside and the complaint dismissed as matter of law on the ground that plaintiff had failed to show that his loss fell within the coverage of the policy.

The plaintiff was a physician and surgeon, fifty-five years of age at the time of the accident, and had practiced his profession continuously in the city of Albany since 1915. The jury were authorized to find that the disabling thrombosis first manifested itself immediately upon the happening of the accident and thereafter continued with more or less severity, rendering it impossible for the plaintiff to perform any of the duties pertaining to his occupation in manner such as would bar him from recovery. He had no intimation of the existence of such a condition prior to the time of the accident and he was first informed that that condition disabled him after the taking of an electrocardiogram on April 16, 1940 by a heart specialist, and after a consultation in regard to his condition by a number of physicians. Previously, he had filed a written notice of disability with the defendant in which the nature of his illness was stated to be luxation of the right shoulder joint, traumatic neuritis, left ventricular preponderance and enlargement of the heart, the injury to the shoulder occurring on February 9th and the heart condition on February 26th. On April 6, 1940, the plaintiff filed two additional statements in which he asserted that he first became completely unable to perform the duties of his occupation on February 9, 1940, and that the date on which he was first able to resume any of his duties was February 23, 1940. In those notices, the plaintiff claimed forty-one days of total disability and sixteen days of partial

disability and defendant paid the claim on that basis for the period from February 9 to April 1, 1940.

Plaintiff was in bed most of the time from the date of the accident, at least until February 23rd. Between those dates he saw some three former patients upon whom he had operated and another patient whom he was turning over to another physician. Between February 23rd and April 1st, he went to his office on from six to ten different occasions to prepare reports for attorneys and insurance men concerning cases which he had prior to the accident. He saw three of his former patients at his office during that period and a former patient at the latter's home. He treated none of those patients, received no fees and the extent of his attention to them consisted of preparation for turning them over to other physicians, or at least the jury could so find. Ninety per cent of the plaintiff's work consisted of surgery. It was undisputed at the trial that he performed no surgery after the accident, that he kept no regular office hours, that he took on no new patients.

Rules for the construction of contracts of insurance do not differ from those to be applied to the construction of other contracts. When the terms used are clear and unambiguous, they are generally to be taken and understood in their plain, ordinary and proper sense (*Johnson* v. *Travelers Insurance Co.* 269 N. Y. 401, 408). But resort to a literal construction may not be had where the result would be to thwart the obvious and clearly expressed purpose which the parties intended to accomplish or where such a construction would lead to an obvious absurdity (*Silverstein* v. *Metropolitan Life Ins. Co.* 254 N. Y. 81) or place one party at the mercy of the other (*Russell et al.* v. *Allerton,* 108 N. Y. 288, 292). Such meaning must be given to the terms used as would be ascribed to them by the average man in applying for insurance and reading the language of the policy at the time it was written (*Lewis* v. *Ocean Acc. & G. Corp.*, 224 N. Y. 18, 21; *Silverstein* v. *Metropolitan Life Ins. Co., supra*). Consistently followed in this State has been the rule that the policy must be construed reasonably and that it must be given a practical construction, not thereby with the result that there is a revision of the policy or an increase of the risk and thus an extension of the resulting

liability, but for the purpose of determining what the parties must reasonably have intended by its terms when the policy was written by defendant and accepted by the plaintiff (*Garms* v. *Travelers Insurance Co.*, 242 App. Div. 230; *Williams* v. *John Hancock Mut. Life Ins. Co.*, 245 App. Div. 585; *Goldstein* v. *Connecticut General Life Ins. Co.*, 273 N. Y. 578; *Mintz* v. *Equitable Life Assurance Society*, 276 N. Y. 546; *Hartol Products Corp.* v. *Prudential Insurance Co.*, 290 N. Y. 44). The wording of the policy was that total disability ensued when the insured was prevented from performing " any and every duty pertaining to his occupation ". Plaintiff's occupation was that of physician and surgeon when the policy was written. If unable to continue his profession, he is prevented from performing " any and every " duty pertaining to his occupation within the contemplation of the parties when the policy was issued (*Silverstein* v. *Metropolitan Life Ins. Co.*, *supra; Mintz* v. *Equitable Life Assurance Society*, *supra*). Total disability would still exist under the terms of the policy, though in isolated instances plaintiff attempted to perform some duty pertaining to his occupation, if incapable of safely and efficiently engaging in any of his usual duties (Vance on Insurance, 2d ed. p. 907). It generally follows from the decisions in this State (*Wolcott* v. *United L. & A. Ins. Assn.*, 55 Hun 98; *Brendon* v. *Traders & Travelers' Acc. Co.*, 84 App. Div. 530; *Harasymczuk* v. *Massachusetts Accident Co.*, 127 Misc. 344) that it was a question for the jury whether upon the evidence the insured was capable of performing and did perform any substantial part of any of his duties as a doctor, as a physician and surgeon, and only if the jury should find, as the court here charged, that he was capable of performing and did perform a substantial part of any of the duties of that occupation, after he received his injuries, could it be said that he was not totally disabled within the meaning of the terms of the policy from performing " any and every duty pertaining to his occupation." It is elsewhere so held by high authority (*United States Casualty Co.* v. *Perryman*, 203 Ala. 212; *Hallock* v. *Income Guaranty Co.*, 270 Mich. 448; *Lobdill* v. *Laboring Men's Mutual Aid Assn.*, 69 Minn. 14; *Moore* v. *Pacific Mutual Life Ins. Co.*, 128 Neb. 605; *Standard Acc. Ins. Co.* v. *Bittle*, 36 F.

2d 152). Reasonable construction of the words "any and every" as used in the policy in suit does not mean that the insured must be confined to his bed and totally helpless in order to recover (*Silverstein* v. *Metropolitan Life Ins. Co., supra; Mintz* v. *Equitable Life Assurance Society, supra*).

Such a construction gives its intended effect to the total disability clause and to the partial disability clause of the policy. An insured may suffer partial disability which will "prevent him from performing *one or more important daily duties* pertaining to his occupation" and yet be able to perform other duties. An insured suffers total disability when he is prevented from performing *each and every duty* though he may be able to perform, perhaps with peril to himself, occasional acts relating to his vocation, but not consituting a substantial part of any "daily duty" (*Fitzgerald* v. *Globe Indem. Co. of N. Y.*, 84 Cal. App. 689; *Harrison* v. *Life & Acc. Ins. Co.*, 167 Tenn. 394). The frequency and nature of the acts performed were matters properly for the consideration of the jury (*Lobdill* v. *Laboring Men's Mutual Aid Association, supra*). The foregoing is not contrary to the decision in *Johnson* v. *Travelers Insurance Co.* (*supra*) since in that case the evidence established that the insured suffered no loss of time at all, either total or partial, until some four or five weeks subsequent to the accident and there was no evidence in that case that plaintiff was prevented from substantially performing all of his duties in the interim.

The admissions by plaintiff in his statements of claim, if they were such admissions, that he was only partially disabled following the accident do not conclude him, as matter of law, from asserting total continuous disability from the date of the accident when he found that to be the fact (*Brendon* v. *Traders & Travelers' Acc. Co., supra; Hallock* v. *Income Guaranty Co., supra*).

The trial court also correctly submitted to the jury, upon conflicting medical testimony, the question of whether or not the disability of the insured was caused directly or indirectly, wholly or partly, by bodily infirmity or by disease. There was ample evidence to support the jury's finding that the thrombosis was produced solely as a result of the accident. That is not negatived by the fact, as the medical experts testified, that

coronary thrombosis could not occur without arteriosclerosis existing to some extent, at least, in the arteries. It was not so " significant that it would be characterized as disease or infirmity in the common speech of men " (*Silverstein* v. *Metropolitan Life Ins. Co., supra,* p. 84). The jury were authorized to find that plaintiff suffered no ill effects from any hardening of the arteries, if such existed, prior to the time of the accident. It is a scientific fact, as well as a matter of common knowledge, that such a condition may exist for years without serious effects. The evidence was that every person over forty years of age has, with varying degree, some hardening of the arteries. It must be held that the policy was written by defendant with that fact and all of its potential consequences in mind (*Silverstein* v. *Metropolitan Life Ins. Co., supra*). That condition must have been slight in plaintiff's case since he had none of the symptoms before the accident. At the worst, the jury were authorized to find upon the evidence that the condition of plaintiff's arteries at the time of the accident was merely a predisposing tendency which, as a consequence of the accident, ripened into a thrombosis (*Silverstein* v. *Metropolitan Life Ins. Co., supra; Preferred Accident Ins. Co. of New York* v. *Combs,* 76 F. 2d 775; *Lewis* v. *Ocean Acc. & G. Corp., supra; Schwartz* v. *Commercial Travelers Mutual Accident Association,* 254 N. Y. 523; *Miller* v. *Fidelity & Casualty Co.,* 97 Fed. 836; *Ætna Life Ins. Co.* v. *Young,* 113 F. 2d 601, 602). In those circumstances, " there may be a recovery even though the accident would not have caused that effect upon a healthy person in a normal state " (*Leland* v. *United Com'l Travelers of America,* 233 Mass. 558, 564). There is no evidence in the case that the condition of plaintiff's arteries was abnormal for a man of his age, or that the condition of his arteries, whatever it was, caused him any trouble prior to the accident or that he was even aware of it.

We have examined the exceptions to the charge and the exceptions to the refusal of the court to charge as requested and we find no errors raising any substantial question for our consideration. After stating in detail and generally the rules for construction to which we have referred above, the court correctly submitted to the jury that, within those rules, the plain-

tiff was required to show that he was "wholly and totally disabled from performing any and every duty pertaining to his occupation as a physician and surgeon, and that such condition was caused by an accident" before he was entitled to recover.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.