JOSEPHINE M. BURR, Respondent, *v.* COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

Third Department, June 29, 1945.

*Fuller, Brown, Hubbard & Felt*, attorneys (*Moses G. Hubbard, Jr.*, of counsel), for appellant.

*Joseph P. Leary*, attorney (*O. L. Van Horne* of counsel), for respondent.

*Per Curiam.* Plaintiff-respondent, the beneficiary named in a policy of accident and life insurance upon the life of her husband, has recovered a verdict for the face of the policy. Her late husband died on March 6, 1943, from a heart attack that occurred while he was attempting to remove his car from a snowbank. Under the terms of the policy, she could recover for his death if it was the direct and proximate result of and caused solely and exclusively " by external, violent and accidental means ". He was employed by the Internal Revenue Department working out of Oneonta, but under the general supervision of government agents with offices at Utica. On the morning of his death he had driven a little more than forty miles going from his home in Cooperstown to Oneonta, attending to work at his office there and returning to Cooperstown. He then started out a little before noon with the plaintiff-respondent and their fourteen-year-old son to drive to Utica. It was snowing, there was a stiff wind and many snowbanks. Enroute, the rear of his car was struck and it was pushed into a snowbank. Following an unsuccessful effort to extricate it, he went nearly a mile to a farmhouse for a shovel. When he arrived he had a pain in his chest over his heart, and was short of breath. After resting and obtaining the shovel, he walked back to his car, arriving tired and exhausted. After resting for a time, he began to shovel snow, and while so engaged slipped and fell against the shovel and the car. He was helped inside, and after twenty minutes in exhaustion or a faint, a passing car took him to the hospital at Herkimer, but he was dead upon arrival.

Decedent, forty-one years of age, passed a physical examination by a physician in 1942 when he obtained the civil service position, and was accepted by another insurance company in 1940 as a healthy risk. This policy had been issued in 1931. In the latter days of February, 1943, he had suffered from an attack of diarrhoea and was attended by the family physician who took his temperature and blood pressure, and examined his heart and lungs. No untoward condition was observed, and he was out and about his business the following day. The family physician and two other doctors testified on behalf of the plaintiff that the death was caused by a coronary occlusion occasioned solely by the overexertion and the fall against the shovel and automobile. The defendant called two medical witnesses who expressed the opinion that death was occasioned by the diseased condition of the heart. An autopsy was had on May 20, 1943, about two and a half months after the death and the embalming of the body which was in a mortuary vault.

Defendant's physicians stated that their opinions were based in part upon conditions found during the autopsy, namely, coronary occlusion and evidence of sclerosis and chronic myocarditis. Plaintiff's physicians say that the embalming and lapse of time would so change the heart arteries as to deprive the autopsy findings of much weight.

Under the authorities recognized in this State, it was for the jury to determine whether, prior to the claimed accident, the insured was suffering from a disease or only a predisposing tendency which as the consequence of the accident caused the occlusion.

Consideration should be given to the decedent's observed condition. He had continued to work steadily for a long period without lost time on account of sickness. A little more than a week previous to his death he had a light attack of diarrhoea which speedily responded to ordinary curative agencies, at which time a physician in a routine examination, found nothing wrong with his heart or blood pressure. Little purpose would be served in a review of the not infrequent opinions in the Court of Appeals in cases of this kind. The authorities cited in a recent case (*McGrail* v. *Equitable Life Assurance Society,* 292 N. Y. 419) do not require re-citation or discussion.

The judgment and orders in favor of the respondent should be affirmed.

Foster, J. (dissenting). The policy in question insured decedent against death " caused solely and exclusively by external, violent and accidental means ". The testimony, viewed in a light most favorable to the plaintiff, does not show that decedent came to his death in a manner within the meaning of the language quoted. The testimony most favorable to the plaintiff is that he died from a heart attack caused by overexertion and a fall against a shovel or his car. Overexertion is not a cause of death commonly spoken of or included within the meaning of the terms external, violent and accidental means. (*Wilcox* v. *Mutual Life Ins. Co.,* 265 N. Y. 665.) It is not claimed that decedent died of a heart attack brought on solely as a result of a fall, which might be found to be a violent, external and accidental cause (*McGrail* v. *Equitable Life Assurance Society,* 292 N. Y. 419), but rather as a result of overexertion and a fall. Waving aside any argument over the alleged sclerotic condition of his coronary arteries, the proof was insufficient to sustain a verdict and the complaint should be dismissed.

Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur in *Per Curiam* opinion; Foster, J., dissents in memorandum.

Judgment and orders affirmed, with costs.