George M. Fanelli, J.
This is an article 78 proceeding wherein petitioner seeks an order directing respondent, superintendent of buildings of the City of Yonkers, to issue to petitioner a building permit to make alterations and repairs to a building to be used as a hospital or sanitarium for the care and treatment of mentally ill and mentally defective children.
The subject premises were formerly known as “ Gray Oaks Hospital ” and were operated by the City of Yonkers for the treatment of tuberculosis and contagious diseases. During the month of May, 1957 said premises were sold by said city at public auction under broker’s bulletin No. 74 which provided, among other things, the following:“ due to the fact that said property was used for a hospital by the City of Yonkers, the use as a hospital or sanitarium may be continued in the present zone by any prospective purchaser ’ ’.
Petitioner formerly owned certain premises in the city of Eye which he leased to his wife and which were used by her for many years under the name of ‘ ‘ Ferncliff School ” as a private sanitarium for the care and treatment of mentally ill and mentally defective children. These premises were taken over by the New York State Thruway Authority for highway purposes and as a result thereof, petitioner became interested in the subject premises and obtained preliminary approval from the New York State Department of Mental Hygiene for the removal of the patients to the said premises for their care and treatment.
Petitioner purchased the said premises from the successful bidder at the aforesaid public auction and thereafter presented to respondent on August 6,1957 his plan and application for the alteration and repair to same for use and occupancy as a hospital or sanitarium for mentally ill and mentally defective children and requested an appropriate building permit therefor. It appears that shortly thereafter upon the advice of the corporation counsel of said city, the respondent refused to issue the building permit upon the sole ground that the proposed use of the building was improper.
While the record is not too clear, nevertheless, it appears that respondent’s refusal was predicated upon the fact that General Ordinance No. 24 — 1953 of the City of Yonkers limited the use of these premises solely as a tuberculosis hospital for the treat *13 ment of contagious diseases as a nonconforming use and could not be used for any other type of hospital. With this contention the court does not agree.
Section 7-E-10 of said zoning ordinance provides in part as follows:
“ A non-conforming use shall not be changed unless changed to:
(A) *************
(B) A use identified by the same group number in Sections 6-A to 6-G- inclusive ”.
Section 6-B which obviously is included in the afore-mentioned group limits, provides in part as follows:
SECTION 6-B PUBLIC, SEMI-PUBLIC AND INSTITUTIONAL USES.

Group No. USE.

********* *********
29 Hospital or Sanitarium — Contagious or Infectious Diseases
********* *********
29 Hospital or Sanitarium — Liquor or Drug Addicts
29 Hospital or Sanitarium — Mental Patients.
It is the opinion of the court that from a reading and analysis of the afore-mentioned pertinent sections of the said zoning ordinances, the conclusion is inescapable that the within premises may not only be used as a tuberculosis hospital for the treatment of contagious diseases but also for a “ hospital or sanitarium-mental patients ”, which is precisely the proposed use by petitioner.
Respondent also contends that the instant application is premature in that petitioner has failed to exhaust his administrative remedies by failing to appeal to the Zoning Board of Appeals from respondent’s refusal to grant the afore-mentioned permit. Specifically, he urges that pursuant to section 10-B-10 of said ordinances any appeal predicated upon a “ misinterpretation of the meaning or intent or application of any Section or any part thereof ’ ’ on the part of the respondent should be addressed to said board prior to a judicial review. Here, too, the court disagrees with respondent’s contention since it is the court’s view that the language in the afore-mentioned section *14 7-E-10 and section 6-B when read together are clear and unambiguous and need no interpretation, and respondent’s refusal to grant the permit to petitioner under these circumstances was arbitrary, capricious and unreasonable.
The law is well settled that in an article 78 proceeding a final order may be granted summarily on the return day if the record discloses that no triable issue exists as to any material fact upon which the right to relief depends (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702). An examination of the record now before the court shows conclusively that there is no triable issue as to any such fact in this proceeding.
Accordingly, the petition is granted, without costs and respondent is directed to issue the appropriate permit to petitioner.
Settle order on notice.