Jacob Sincoff et al., Respondents, *v.* Liberty Mutual Fire Insurance Company, Appellant.

First Department, November 14, 1961.

*John Nielsen* of counsel (*Perrell, Nielsen & Stephens,* attorneys), for appellant.

*Emanuel Baetich* of counsel (*Murray L. Lewis* with him on the brief; *Louis A. Tepper,* attorney), for respondents.

*Per Curiam.* Defendant insurance company appeals from a judgment rendered against it after trial without jury. A personal property floater policy of insurance issued by defendant to plaintiffs contains the following exclusory clause:

" This policy does not insure  *  *  *

" (g) Against wear and tear; against loss or damage caused by dampness of atmosphere or extremes of temperature unless such loss or damage is directly caused by rain, snow, sleet, hail, bursting of pipes or apparatus; *against deterioration, moth, vermin and inherent vice*; against damage to property (watches, jewelry and furs excepted) occasioned by or actually resulting from any work thereon in the course of any refinishing, renovating or repairing process; " (emphasis supplied).

Discovering that carpet beetles had damaged a pair of antique armchairs, an Aubusson tapestry and an expanse of imported broadloom carpeting, plaintiffs demanded indemnity under the policy. Defendant insurance company countered with the contention that carpet beetles are vermin within the intendment of the policy. This contention in our opinion is sound. The measure of plaintiffs' contemplation of coverage under the policy is here the ordinary meaning of the disputed clause to the average insured reading the policy at the time of issuance (*McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419). By this standard we have no doubt that such a household pest as the

carpet beetle, unfortunately too well known to New Yorkers, is included in the term " vermin " in its context.

Restriction of the scope of the word to parasites preying on the human body, such as lice, bedbugs and fleas, is inconsistent with the purpose of a property damage policy. The plain meaning of the exclusion precludes the application of canons of construction relating to ambiguities in insurance policies. The asserted ambiguity here was created only by the unnecessary testimony of the experts on entomology, who, not unexpectedly, differed; and upon whose testimony the learned Trial Judge placed too much emphasis.

Accordingly, the judgment entered August 31, 1960, in favor of plaintiffs, should be reversed on the law and the facts and the complaint dismissed, with costs.

VALENTE, J. (dissenting). I dissent. The issue in this case is whether damages to plaintiffs' broadloom carpeting, tapestry and furniture, caused by carpet beetles, came within the exclusionary provisions of an insurance policy which exclude from coverage damage to personal property caused by " deterioration, moth, vermin and inherent vice ". The burden of proving that the insurer was not liable was on defendant who was urging that the loss fell within the terms of the exclusion clause. I agree with the holding by the Justice at nisi prius that the word " vermin ", in the policy *sub judice,* does not include carpet beetles. Had the insurer intended to exclude damages caused by all insects and household pests such a limitation could easily have been inserted in the policy. Instead the unscientific term " vermin " was used. At the trial two entomologists, one called by each side, demonstrated by their testimony that even among initiated scientists there is disagreement as to the connotations of the word " vermin ". Moreover, standard and authoritative dictionaries differ in their definitions of the term. Under insurance law, where a colloquial, unscientific term is used in an exclusionary clause of a policy, its meaning must be one which is ascribed " by the average man in applying for insurance and reading the language of the policy at the time it was written " (*McGrail* v. *Equitable Life Assur. Soc.,* 292 N. Y. 419, 424). By that test, " vermin " would not include carpet beetles. It has been held that squirrels are not vermin (*North British & Mercantile Ins. Co.* v. *Mercer,* 90 Ga. App. 143, affd. 211 Ga. 161), and that " vermin " includes " bedbugs, cockroaches, croton water bugs and red ants " (*Pomeroy* v. *Tyler,* 9 N. Y. St. Rep. 514, 515). So too, crickets were not considered vermin in *Ben Har Holding Corp.* v. *Fox* (147 Misc. 300). But no

case has gone so far as to class carpet beetles as vermin. Since the term "vermin" has an equivocal meaning, the ambiguity must be construed against the insurance carrier. As already indicated a simple clause excluding damage from insects and household pests could fully protect the carrier if that were the intent of the insurer. Exclusion of a loss sustained by an insured should not have to be predicated upon niceties of entomological distinctions but should rest upon clear and unambiguous language. We have no such clarity here. I would therefore affirm the judgment in favor of plaintiffs.

BOTEIN, P. J., BREITEL, RABIN and STEUER, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents and votes to affirm, in opinion.

Judgment in favor of plaintiffs reversed on the law and the facts and the complaint dismissed, with costs to the appellant.