■ LORETTA STAAB, Appellant, v. GLENS FALLS INDEMNITY Co. et al., Respondents.— In an action by the beneficiary of two volunteer fire company blanket accident policies, to recover thereunder the amount payable for the death of the insured solely through external, violent and accidental means, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered November 10, 1960 after a jury trial, which, upon defendants' motion, dismissed the complaint at the end of the plaintiff's case, for failure of proof. Judgment affirmed, without costs. No opinion. (See *Staab* v. *Glens Falls Ind. Co.*, 17 A D 2d 957.) Ughetta, Acting P. J., Christ, Hill and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new

trial, with the following memorandum: Defendants insured decedent "against loss resulting directly and independently of all other causes from bodily injuries sustained during the term of this policy and effected solely through accidental means." Upon the trial, plaintiff proved that decedent, a volunteer fireman, while in good health, directed a stream of water from a hose into a bulkhead built around a chimney in which there was a fire. The stream hit "a weak spot and went right through the chimney". There was an explosion which drove decedent and a companion back two feet, and which released dark smoke that smelled of sulphur. Decedent was taken to the hospital where he passed away within a short time. The autopsy report stated that the cause of death was coronary thrombosis with "occlusive coronary atherosclerosis." [*Sic.*] The trial court properly held that, in order to recover on the policies, plaintiff was required to prove (1) the happening of an accident; (2) that the accident caused decedent's death; and (3) that no other condition contributed significantly to the death. The trial court concluded that "On the first two questions there is perhaps sufficient evidence", but that "on the third question there is no evidence upon which such a finding could possibly be made." It is my opinion that on all three questions there was sufficient evidence to warrant submission of the case to a jury. There was clearly a jury question as to whether the explosion was "unexpected and unforeseen" so as to constitute an accident (*Burr* v. *Commercial Travelers Mut. Acc. Assn.*, 295 N. Y. 294; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140). A medical expert testified "that the accident was a direct cause of the coronary thrombosis." Another medical witness examined decedent less than two months before the accident and found him normal and in good health. Even if we assume that the autopsy report conclusively established a previous sclerotic condition, the record was sufficient to justify a finding that such condition had been dormant prior to the accident. Such a finding, it has been held, would be sufficient to sustain the conclusion that the accident was the sole cause of the thrombosis (*McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419; *Gittelson* v. *Mutual Life Ins. Co.*, 266 App. Div. 141).