Hofstadter, J.
(dissenting). I dissent and vote to reverse the judgment and grant judgment in favor of plaintiff. Such meaning must be given to the terms used in a policy of insurance as would be ascribed to them u by the average man ” (McGrail v. Equitable Life Assur. Soc., 292 N. Y. 419, 424). In my opinion an average man would consider Fernclifl; Manor, here involved *438 and held to be a hospital for mental patients for zoning purposes (Matter of Saich v. Balint, 9 Misc 2d 11), also a hospital under defendant’s group insurance certificate. A policy holder is not required to read his policy as if he were a psychiatrist (Shneiderman v. Metropolitan Cas. Co., 14 A D 2d 284, 287); any doubt in the construction to be adopted must be resolved against defendant. In every realistic sense Ferncliff is a hospital, and, absent clear and unmistakable terms excluding such a hospital (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386), and unless " that is the only construction that can fairly be placed thereon ” (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49), plaintiff is entitled to prevail.
Hecht and Tilzer, JJ., concur in decision; Hofstadter, J., dissents in opinion.
Judgment affirmed, with $25 costs.