■ ISAAC B. GREENMAN, Respondent, v. AMERICAN CASUALTY CO. OF READING, PA., Appellant.— Determination of Appellate Term affirming a judgment of the Civil Court of the City of New York, Bronx County, unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant, and the complaint dismissed. The question involved relates to the interpretation of defendant's Major Medical Expense Policy. The provision for coverage is: " If injury or sickness shall require, commencing while this Policy is in force, regular treatment by a legally qualified physician or surgeon, the Company will pay commencing with the date eligible expense exceeds the Deductible Amount within a twelve month period, the per cent payable as specified in the schedule of resulting eligible expense actually incurred for such services, treatment or supplies received by the Insured within three years after the date of the accident or first treatment for sickness, in excess of the Deductible Amount, until $3,000.00 has been paid. The Company will then continue payment, at the rate of 100% of Eligible Expense thereafter incurred within said three year period, but not to exceed, including the

aforementioned $3,000.00 payment, the Limit of Payment specified in the Schedule, as the result of any one accident or sickness." Eighty per cent of eligible expense is thereby required to be paid by defendant to ·the extent of $3,000 in excess of the deductible amount of $300 incurred by the insured or his wife within three years after the date of the first treatment for sickness. In addition, 100% of the eligible expenses not to exceed $10,000, including the said $3,000 is required to be paid in respect of eligible expenses incurred within the said three-year period. The three-year time limitation applies to the initial period of coinsurance, as well as to the following period of total insurance. The time limitation as to the initial period of coinsurance is expressly "within three years after the date of the * * * · first treatment for sickness". As to the following period of total insurance, the reiterated time limitation is "within said three year period". The said provisions are unamibiguous; they are to be accorded the meaning thereby conveyed to the average man applying for such insurance and reading said provisions. (*McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419, 424; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Lewis* v. *Ocean Acc. & Guar. Corp.*, 224 N. Y. 18, 21; *Theatre Guild Prods.* v. *Insurance Corp. of Ireland*, 25 A D 2d 109; *Sohneiderman* v. *Metropolitan Cas. Co. of N. Y.*, 14 A D 2d 284, 287.) It is undisputed that defendant has paid the $7,081.96 due for the eligible expenses incurred within said three-year period. We conclude that under the said unambiguous provisions of the policy, the defendant's obligation therefor terminated at the expiration of three years after the date of the first treatment of the insured's wife for sickness. The judgment and order should be reversed on the law, with costs to defendant-appellant, the plaintiff's motion for summary judgment denied, and defendant's cross motion for said relief granted. Concur — Steuer, J. P., Capozzoli, Stevens and McNally, JJ.