Per Curiam.

The insurance policy being unambiguous, it should be construed according to the plain and ordinary meaning of its terms (Houlihan v. Preferred Acc. Ins. Co., 196 N. Y. 337; McGrail v. Equitable Life Assur. Soc., 292 N. Y. 419; Lacks v. Fidelity & Cas. Co. of N. Y. 306 N. Y. 357). The issue was one of law and it was error to submit it to the jury. Defendant by its contract agreed to pay all reasonable and necessary expenses for hospital care charged by the hospital. The hospital bill included the charge for nursing services. There was no question that it was reasonable and necessary hospital care. These facts established that plaintiff should recover. If the defendant intended to limit its liability and exclude expense for nursing services it was required to express the limitation in clear language understandable to an ordinary person (Whiteside v. *213 Insurance Co. of State of Pennsylvania, 274 App. Div. 36). This it failed to do.
The judgment should be reversed, with $30 costs, and judgment directed for the plaintiff as prayed for in the complaint, with costs.
Concur — Streit, J. P., Gold and Hoestadter, JJ.
Judgment reversed, etc.