■ FRANCIS E. LAREAU, Appellant, v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Respondent.— Appeal from a judgment entered on a decision at a Trial Term, County Court, Rensselaer County. Defendant issued to plaintiff a policy of insurance providing indemnification for bodily injury "effected solely through external, violent and accidental means * * * which shall be occasioned by the said accident alone and independent of all other causes". On November 10, 1954 plaintiff, employed to deliver furniture, was helping to deliver a crated water tank weighing 150 pounds. He was going down steps into a basement. He testified that as he did this "The crate started forward and I went to grab hold of it so it wouldn't slip on him". He further said he was holding the crate from the bottom and "when it started to slide" he "grabbed for it". Plaintiff's fellow worker who was ahead of plaintiff

and lower than he on the stairs testified that the crate "started coming towards me and dropping at one end, and he made a lunge for it and grabbed for it". Plaintiff immediately felt pains in his chest which were diagnosed as due to a myocardio-infarction which a physician associated with the occurrence and which, he testified, could be the sole cause of the condition. At the close of plaintiff's case the court dismissed the complaint. We think the case was for the jury. Whether the event described was an accident is a question of fact on the record. The decision relied on by the court in dismissing the complaint, *Wilcox* v. *Mutual Life Ins. Co.,* (265 N. Y. 665) is distinguishable. Although plaintiff there was acting in an emergency, he was dealing with an event which had already occurred, and his injury was actually incurred while he was lifting planks and this act itself was held not an "accident". The case before us seems a stronger one to send to a jury than *Burr* v. *Commercial Travelers Mut. Acc. Ins. Co.* (295 N. Y. 294) where the illness was precipitated by shovelling snow to extricate a car after an accident actually had occurred. Here the event to which the injury is directly attributable was a grabbing of an article in hand as an integrated part of the actual event ascribed to be accidental — the unexpected moving or dropping of the crate. Whether this was the sole cause of the infarction was a question of fact on this record. (*McGrail* v. *Equitable Life Assur. Soc.,* 292 N. Y. 419.) Judgment reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.