■ Margaret Papa, Appellant, v Travelers Insurance Company, Respondent, et al., Defendant. — Order of the Supreme Court, New York County (George Bundy Smith, J.), entered October 1, 1981, which granted defendant the Travelers Insurance Company summary judgment dismissing the complaint as against it, is reversed, on the law, and the motion by defendant for summary judgment is denied, with costs. This is an action to recover the accidental death benefits provided for in a group policy contract of insurance issued by the defendant Travelers under which the plaintiff was the beneficiary of the insured, her husband Stephen Papa. While in the course of his employment, Stephen Papa was stung by a bee. He lost consciousness within

two to three minutes and was taken to the hospital where he died later the same day. A claim for accidental death benefits made by plaintiff was denied by defendant Travelers. The basis for this denial was an exclusion in the policy which stated in pertinent part that: "The insurance under this Part shall not cover any loss (1) caused or contributed to by bodily or mental infirmity, disease * * * even though the proximate and precipitating cause of the loss is accidental bodily injury". Special Term quoted the autopsy report which listed the cause of death as "occlusive coronary arteriosclerosis". In addition, it relied upon a report by a pathologist, Dr. Louis Millman, as supporting the conclusion in the autopsy report, postulating the cause of death as "due to heart failure, due to circulatory collapse in a patient with severe coronary disease". However, a reading of Dr. Millman's complete report leads to the conclusion that the death may not have been the consequence of coronary heart disease but the direct result of the bee sting, in a highly susceptible, sensitized individual. Significantly, Dr. Millman also pointed out: "It is important to know that the anatomic dissection of the heart disclosed neither an acute recent coronary thrombosis nor any area of acute recent muscle damage. There is extensive medical literature on the effects of bee sting on the human body. These range from simple local effect of pain and swelling to fatalities in individuals highly sensitive to bee venom. Every year many cases of quick fatal outcomes due to bee sting in persons of high sensitivity are recorded. In many of these cases the mode of death is an acute circulatory collapse, followed by acute heart failure due to sudden oxygen loss to the heart muscle". Accordingly, a factual issue is presented on this motion as to whether Stephen Papa's death was caused or contributed to by bodily infirmity or disease, or came about solely as a result of the accidental bee sting. In *McGrail v Equitable Life Assur. Soc. of U. S.* (292 NY 419), a physician sought benefits for a disability resulting from an accidental fall which he claimed precipitated coronary thrombosis. The defendant insurer claimed that the coronary thrombosis was due to arteriosclerosis and not the accidental fall. The Court of Appeals held (pp 426, 426-427) that there was a factual issue as to whether the disability was caused, in the policy language, "directly or indirectly, wholly or partly, by bodily infirmity or by disease" and further, "[t]here was ample evidence to support the jury's finding that the thrombosis was produced solely as a result of the accident. That is not negatived by the fact, as the medical experts testified, that coronary thrombosis could not occur without arteriosclerosis existing to some extent, at least, in the arteries * * * At the worst, the jury were authorized to find upon the evidence that the condition of plaintiff's arteries at the time of the accident was merely a predisposing tendency which, as a consequence of the accident, ripened into a thrombosis". Similarly, in the instant case, the question of whether decedent's death was caused partly or wholly by pre-existing coronary arteriosclerosis or solely as a result of the bee sting remains to be determined at a plenary hearing. Concur — Murphy, P. J., Ross, Carro, Asch and Alexander, JJ.