■ MILDRED L. BEECE, Respondent, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant.—In an action by a beneficiary to recover accidental death benefits under a life insurance policy, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Slifkin, J.), entered October 24, 1985, which, after a jury trial is in favor of the plaintiff in the principal amount of $100,000, and (2) an order of the same court, entered December 12, 1985, which denied its motion to set aside the jury verdict.

Ordered that the judgment and order are affirmed, with costs.

Patrick Beece, the 52-year-old deceased, was involved in an automobile accident on February 12, 1980, and shortly thereafter died. Beece's widow, the beneficiary under an insurance policy issued by the defendant, filed a claim to recover accidental death benefits pursuant to the policy, to which she would be entitled if the insured "sustain[ed] accidental bodily injuries and * * * suffer[ed] the loss of life * * * as a direct result of such injuries and independently of all other causes". The defendant refused to make this payment, asserting that

the death of the insured fell within an exclusion to the policy, i.e., that it resulted from "[d]isease or bodily or mental infirmity".

Bearing in mind that the weight to be accorded the conflicting testimony of experts is a matter peculiarly within the province of the jury *(see, Sternemann v Langs,* 93 AD2d 819), we conclude that "the jury [was] authorized to find upon the evidence that the condition of [the deceased's heart] at the time of the accident was merely a predisposing tendency which, as a consequence of the accident", contributed to his death *(McGrail v Equitable Life Assur. Socy.,* 292 NY 419, 427, *rearg denied* 293 NY 663), and that, therefore, the plaintiff is entitled to recover under the policy *(see, Burr v Commercial Travelers Mut. Acc. Assn.,* 295 NY 294; *McMartin v Fidelity & Cas. Co.,* 264 NY 220, *rearg denied* 264 NY 671; *Silverstein v Metropolitan Life Ins. Co.,* 254 NY 81; *Daniel v Allstate Life Ins. Co.,* 71 AD2d 872).

The defendant's remaining contention with respect to the court's charge is without merit, since it neither prejudiced the defendant nor shifted the burden of proof *(see, Norfleet v New York City Tr. Auth.,* 124 AD2d 715; *Tenczar v Milligan,* 47 AD2d 773). Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.