■ CELIA L. LACHTER, Individually and as Executrix of GEORGE LACHTER, Deceased, Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant, et al., Defendant.—In an action to recover benefits under an accident insurance policy, the defendant Insurance Company of North America appeals from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered November 19, 1987, as, upon an order granting the plaintiff's motion for summary judgment against it, is in favor of the plaintiff and against it in the principal sum of $403,821. The notice of appeal from the order dated September 8, 1987 is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is reversed, insofar as appealed from, on the law, with costs, the order dated September 8, 1987 is vacated and the plaintiff's motion for summary judgment as against the appellant is denied.

George Lachter, a 55-year-old attorney, employed by the defendant International Business Machines (hereinafter IBM), died as a result of a "massive pulmonary emboli" shortly after returning from a business trip to Japan. Lachter's widow, who was the named beneficiary under an accident insurance policy issued by the defendant Insurance Company of North America (hereinafter INA) through IBM, filed a claim to recover accidental death benefits. The policy provides for the payment of benefits thereunder for losses "resulting directly and independently of all other causes from accidental bodily injuries" which arise, *inter alia,* out of hazards to which the insured may be exposed during business sojourn or travel. INA refused to honor the claim, asserting that the insured's death was not the result of an accident, but was caused by illness or disease. The plaintiff widow commenced this action against INA for, *inter alia,* breach of contract. She subsequently moved for summary judgment against INA, alleging that the decedent's immobilization during the approximately 14-hour flight from Japan caused a blood clot to form in his knee, which ultimately traveled to the lung, causing death. The plaintiff further asserted that the occurrence constituted an "accident" such that she was entitled to recover under the policy. The Supreme Court granted the plaintiff's motion for summary judgment against INA. We reverse.

The beneficiary of an insurance policy bears the burden of proving that the death of the insured was covered by the terms of the policy *(Plotkin v Disability & Cas. Inter-Insurance Exch.,* 27 AD2d 719). To receive benefits under the policy in question, the plaintiff was required to establish that the insured's immobilization during the airplane trip was an "accident", and that it was the "independent and direct" cause of death. In order to determine whether an occurrence is an accident, one must look to the casualty from the viewpoint of the insured and determine whether it was unexpected, unusual and unforeseen *(Nallan v Union Labor Life Ins. Co.,* 42 NY2d 884). Whether an occurrence constitutes an "accident" is generally for the trier of fact to determine *(Lareau v Order of United Commercial Travelers,* 5 AD2d 734, *affd* 6 NY2d 764). Furthermore, under the circumstances of this case the issue of whether or not the occurrence caused the insured's death is also a question of fact for the jury *(see, Papa v Travelers Ins. Co.,* 92 AD2d 825; *Beece v Guardian Life Ins. Co.,* 128 AD2d 493, *lv denied* 69 NY2d 612). Since triable issues of fact exist, summary judgment should not have been awarded to the plaintiff against INA. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.