**Linda VASTI, individually and as personal representative of the Estate of Joseph Vasti, Plaintiff**

**v.**

**HARTFORD LIFE INSURANCE CO., Anthem Health & Life Insurance Company, New York Oil Heating Insurance Fund, and John Does 1–10, Defendants**

No. 04 CIV.2827(SCR).

United States District Court, S.D. New York.

Jan. 5, 2004.

Richard C. Burns, Waldwick, NJ, for plaintiff.

Randi F. Knepper, Del Mauro, Digiaimo, Knepper & Heck, New York, NY, Randi Faith Knepper, Delmauro, Digiaimo, Knepper & Heck, P.C., Morristown, NJ, for defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

#### A. Procedural Posture

Linda Vasti, individually and as personal representative of the Estate of Joseph Vasti (the "Plaintiff"), brought this action on March 4, 2004 in the Supreme Court of the State of New York, County of Orange, seeking accidental death and dismemberment ("AD & D") benefits pursuant to a policy of group life and AD & D insurance (the "Plan") issued by Hartford Life Insurance Company (the "Defendant") to the New York Oil Heating Insurance Fund. The Defendant was served with the complaint on March 18, 2004, and filed notice removing the action to this court on April 13, 2004.

The Defendant then moved to dismiss the action pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), arguing that the district court had no jurisdiction in the absence of a prior claim determination by the Plan administrator, and that the Plaintiff had failed to exhaust administrative remedies, as required by ERISA, before instituting her action in state court. The Plaintiff responded by requesting several alternative forms of relief: 1) that the action be remanded to state court; 2) that the Plaintiff be granted relief to amend her complaint; or 3) that the court remand the action to the Defendant's administrative process while retaining jurisdiction.

#### B. Factual History

The Defendant issued a policy to the New York Oil Heating Insurance Fund ("NYOHIF") that provides both Life and AD & D benefits to employees of NYO-HIF, including Joseph Vasti, the Plaintiff's now deceased husband. AD & D benefits are intended for employees who suffer an accidental injury that directly results in loss, independent of all other causes, within ninety days of the accident that caused the injury. The Plan excludes from AD & D coverage any losses caused by, *inter alia*, sickness, disease or any medical treatment for either.

The Plan contains language requiring AD & D claimants to meet certain deadlines and submit certain pieces of information. Specifically, it requires that claimants notify the Defendant of a claim in writing within twenty days after the loss happens or starts, and if notice cannot be given within that time, as soon as possible thereafter. Also, the Plan requires that participants provide proof of loss within ninety days of the date of such loss.

The Plan also prescribes a claim determination procedure, which permits participants to appeal decisions that wholly or partially deny benefits claims. Specifically, the Plan allows claimants to request a review within 60 days of receipt of the claim denial, and guarantees that a decision will be made no more than 120 days after the Defendant receives the request for review. The Plan explicitly confers discretionary authority on the Defendant to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan. Notably, the Plan also contains its own statute of limitations, requiring that any suits against the Defen-

dant be filed no later than three years after proof of loss is required, in effect three years and three months after the loss itself.[1]

On June 6, 2001, the NYOHIF submitted a claim for basic Life benefits on behalf of Linda Vasti, who was seeking life insurance benefits as a result of the death of Joseph Vasti, her husband. Joseph Vasti had died on December 8, 2000, his last day of work as an oil burner serviceman for F.M. Schildwachter & Sons, Inc., a member of the NYOHIF. Along with her claim, the Plaintiff submitted an Employer's Statement indicating that she sought basic Life benefits in the amount of $75,000.00, but left blank the part of the statement referring to "AD & D basic" benefits.[2] Thereafter, the Defendant paid the Plaintiff Life benefits in the amount of $75,000.

By letter dated December 4, 2003, almost three years after Mr. Vasti's death, Plaintiff's counsel informed the Defendant that the Plaintiff was considering submitting a claim for AD & D benefits, in addition to the Life benefits that she had already received. On March 1, 2004, Plaintiff's counsel submitted an Employer's statement[3] expressing concern that the time period for the Plaintiff to submit a claim for AD & D benefits was expiring on March 8, 2004, and requesting that the Defendant grant a thirty-day extension to file the claim for additional benefits. This Employer's Statement clearly requested AD & D benefits, again in the amount of $75,000.

On March 2, 2004, the Defendant acknowledged the Plaintiff's claim for AD & D benefits, but in light of the fact that Mr. Vasti's death certificate indicated that his death was the result of natural causes, requested copies of Mr. Vasti's autopsy, coroner's, toxicology and other medical reports relating to Mr. Vasti's death in order to render its decision. The Defendant claims that it is yet to receive any of the information it requested, and is yet to render its decision regarding Plaintiff's claim for AD & D benefits.

On March 4, 2004, Plaintiff filed suit in the Supreme Court, County of Orange.

## II. Analysis

### A. Background

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) are appropriate where the district court lacks jurisdiction over the subject matter of the dispute. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996). The court may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

---

1. *See Selby v. Principal Mut. Life Ins. Co.*, 2000 WL 1863760, *3, n. 8, 2000 U.S. Dist. LEXIS 18271, at *13, n. 8 citing N.Y. C.P.L.R. § 201 (although the statute of limitations for causes of action under § 1132(a)(1)(B) is ordinarily six years, *Miles v. New York State Teamsters Conf. Pension & Retirement Fund*, 698 F.2d 593, 598 (2d Cir.1983), parties to an employee benefit plan governed by ERISA may contract in a written agreement for a shorter limitations period).

2. A certified death certificate, listing "hypertensive cardiovascular disease" as the immediate cause of Joseph Vasti's death, was submitted along with the Employer's Statement.

3. Plaintiff's counsel claimed that he had originally sent the Employer's Statement on January 7, 2004.

It is necessary to note, at the outset, that the resolution of this motion is made extremely difficult—perhaps impossible— by the Plaintiff's failure to clearly and consistently articulate the legal basis for her complaint. The problems stem from Plaintiff's failure to cite any statute or common law cause of action in her complaint. Apparently noting language requesting payment for unpaid benefits, Defendant understandably construed Plaintiff's complaint as alleging a cause of action arising under 29 U.S.C. § 1132(a)(1)(B), to recover benefits under the plan. In her memorandum of law opposing dismissal, however, Plaintiff suggests that her complaint actually intends to allege actions "to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), or for sanctions against the administrator for failure to provide requested information promptly. 29 U.S.C. § 1132(c). But then, in Plaintiff's subsequent reply brief, she argues that remand is proper because the complaint "does not invoke any federal cause of action" and does not refer at any point to ERISA. It is extremely difficult to determine if the Plaintiff has met the legal requirements of her causes of action when it is entirely unclear which causes of action she is intending to allege.

### B. Plaintiff's Motion to Remand

That said, the record is clear enough to address, and deny, Plaintiff's motion to remand the action to state court.

■ Plaintiff argues that, because ERISA grants state and federal courts concurrent jurisdiction, Plaintiff is entitled to her chosen forum. *See* 29 U.S.C. § 1132(e)(1). In effect, therefore, Plaintiff appears to be arguing that removal is available only to defendants sued under statutes providing for exclusive federal jurisdiction. This, of course, is not the law. *See* 28 U.S.C. 1441 (allowing for removal of any action for which federal courts have "original"—not exclusive—jurisdiction).

■ As mentioned, Plaintiff asserts in her reply papers that remand is proper because the complaint does not explicitly invoke any federal cause of action (or for that matter, a cause of action from any body of law), and in fact intends to assert a state law cause of action addressed in *Beece v. Guardian Life Ins. Co.,* 128 A.D.2d 493, 512 N.Y.S.2d 420 (N.Y.App. Div. 2nd Dep't 1987). But Plaintiff could not, in fact, properly assert a state law cause of action in this case. *Beece* involved a claim for accidental death benefits under a life insurance policy entirely unrelated to the plaintiff's employment, and ERISA preempts state laws insofar as they relate to employee benefit plans. *See* 29 U.S.C. § 1144(a). Plaintiff has indisputably alleged a cause of action based on benefits under an employee benefit plan and, as such, has brought suit under ERISA, a federal law.

Therefore, Defendant's removal was proper and Plaintiff's motion to remand is DENIED.

### C. Defendant's Motion to Dismiss For Failure to Exhaust Administrative Remedies

■ Defendant argues, and Plaintiff does not appear to contest, that Plaintiff filed suit in state court before the plan administrator rendered any decision regarding her claim for AD & D benefits. Moreover, as Defendant points out, district courts lack jurisdiction over lawsuits involving claims for benefits pursuant to an ERISA plan when the administrator has not yet made a determination regarding the participant's eligibility for benefits. *See Peterson v. Continental Cas. Co.,* 282 F.3d 112, 117–18 (2d Cir.2002)(all of our

past decisions presuppose the existence of an eligibility or claim determination on the part of the plan administrator and, absent a decision by the plan administrator, district courts have no jurisdiction to make an assessment of a beneficiary's eligibility for benefits).

The court therefore agrees that, to the extent Plaintiff is alleging a cause of action under § 1132(a)(1)(B), it has no subject matter jurisdiction to hear such a claim at this time.[4] That said, it is premature to dismiss the action on these grounds when it is not clear at this point whether Plaintiff is actually asserting her claim under that statutory section.[5] The better course of action is to dismiss the complaint for failure to state a claim with leave to replead.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED. Defendant's motion to dismiss pursuant to FED. R.CIV.P. 12(b)(6) is granted. Plaintiff may serve and file an amended complaint no later than January 28, 2005. Any amended complaint shall clearly states the claim(s) asserted and the legal basis thereof.

It is so ordered.

the action to the Defendant for an administrative determination while at the same time retaining jurisdiction. Apparently, the Plaintiff is concerned that dismissing her complaint will result in her losing her right to judicial review, given her March 8, 2004 deadline to file suit. Plaintiff's concern is unfounded. Any amended complaint filed by the Plaintiff would likely relate back to the filing of her initial complaint in this case. *See* FED. R. CIV. P. 15(c)(2) (An amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading).

---

4. Plaintiff opposes dismissal for lack of subject matter jurisdiction in part by noting that filing suit was necessary in order to preserve the Plaintiff's right to judicial review, in light of the Plan's requirement that that any legal action against the Defendant be brought no more than three years after the time when proof of loss is required to be furnished, which in this case was March 8, 2004. Although Plaintiff's deadline to file suit was undoubtedly approaching, Plaintiff has not cited, and the court cannot find, any authority for the proposition that district courts gain subject matter jurisdiction in the absence of a prior administrative claim determination simply because Plaintiff fails to submit her claim and necessary documentation when required by the Policy and, as a result, fails to receive a claim determination in time to file suit. Plaintiff's delay does not confer on this court the authority to sit as substitute administrator of Plaintiff's claim.

5. Plaintiff argues that the court should, instead of dismissing her complaint, remand