# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1305**
**CA 15-00978**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

MARK A. LEO, PLAINTIFF-APPELLANT,

V                                                         MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

BRINDISI, MURAD, BRINDISI & PEARLMAN, LLP, UTICA (ANTHONY A. MURAD OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BOEGGEMAN, GEORGE & CORDE, P.C., ALBANY (PAUL A. HURLEY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered November 4, 2014 in a declaratory judgment action. The judgment granted the motion of defendant for summary judgment, dismissed the complaint and denied the cross motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the judgment so appealed from is modified on the law by reinstating the complaint to the extent that it seeks a declaration and granting judgment in favor of defendant as follows:

It is ADJUDGED and DECLARED that plaintiff is not entitled to indemnification from defendant with respect to the underlying action,

and as modified the judgment is affirmed without costs.

Memorandum: We conclude, for reasons stated in the decision at Supreme Court, that the court properly granted defendant's motion for summary judgment and properly denied plaintiff's cross motion for partial summary judgment. The court erred, however, in dismissing the complaint and in failing to declare the rights of the parties in this declaratory judgment action (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954; *Ward v County of Allegany*, 34 AD3d 1288, 1289). We therefore modify the judgment accordingly.

All concur except WHALEN, J., who dissents and votes to modify in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that defendant must indemnify him in an underlying personal injury action, *Sciortino v*

*Leo*.  The complaint in the underlying action seeks damages for the wrongful death and conscious pain and suffering of Anthony J. Sciortino (decedent), who was killed in a violent altercation with plaintiff.  The administrator of decedent's estate alleges that the injuries to decedent were caused by plaintiff's intentional, reckless, or negligent conduct.  Plaintiff was charged with manslaughter in the second degree (Penal Law § 125.15 [1]) as a result of the incident and, following the commencement of the wrongful death action, he was acquitted by a jury.

At the time of the incident, plaintiff was insured under a homeowner's policy issued by defendant.  Although defendant provided a defense to plaintiff in the *Sciortino* action, it disclaimed any obligation to indemnify him on the grounds that the incident was not a covered occurrence, defined in the policy as an "accident," and that the policy excluded coverage for bodily injury that was "expected or intended" by plaintiff.

Supreme Court granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of defendant's obligation to indemnify plaintiff in the *Sciortino* action.  I agree with the majority that the court properly denied plaintiff's cross motion.  In my view, however, the court erred in granting defendant's motion. Whether an occurrence constitutes an accident is generally for the trier of fact to determine (*see Lachter v Insurance Co. of N. Am.*, 145 AD2d 540, 541), and I cannot agree with the majority that, based upon the parties' submissions, defendant's obligation to indemnify plaintiff may be resolved as a matter of law (*see generally Prashker v United States Guar. Co.*, 1 NY2d 584, 590).

"In deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen" (*Allegany Co-op Ins. Co. v Kohorst*, 254 AD2d 744, 744).  It is well established, moreover, that accidental results may flow from intentional causes (*see Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293; *Kemper Independence Ins. Co. v Ellis*, 128 AD3d 1529, 1530).  In determining whether the result herein, i.e., decedent's death, was intended or accidental, the " 'transaction as a whole' test should be applied" (*McGroarty v Great Am. Ins. Co.*, 36 NY2d 358, 364, *rearg denied* 36 NY2d 874).  Considered from that perspective, "regardless of the initial intent or lack thereof as it relates to causation, or the period of time involved, if the resulting damage could be viewed as unintended by the [factfinder,] the total situation could be found to constitute an accident" (*id.* at 364-365).

Viewing the evidence in the light most favorable to plaintiff, and granting plaintiff every favorable inference (*see Pearson v Dix McBride, LLC*, 63 AD3d 895, 895; *Hartford Ins. Co. v General Acc. Group Ins. Co.*, 177 AD2d 1046, 1047), I conclude that there are triable issues of fact whether decedent's death could be viewed as unintended. Here, it is undisputed that plaintiff caused decedent's death by striking him in the head with a baseball bat.  Plaintiff presented

evidence, however, that for a number of years his relationship with decedent had been acrimonious and at times volatile.  Plaintiff also presented evidence that, on the day of the incident, decedent advanced toward him menacingly with a metal pipe, swung the pipe at him and grazed the top of plaintiff's head.  Plaintiff further testified that he did not intend to injure decedent, but rather swung the baseball bat in reaction to the aggressive acts of decedent.

Viewing the transaction as a whole, I conclude that there is a triable issue of fact whether, despite the evidence of intentional behavior on plaintiff's part, decedent's death was an accident.  As the Court of Appeals stated in *Automobile Ins. Co. of Hartford v Cook* (7 NY3d 131), where a policyholder sought insurance coverage under a homeowner's policy for fatally shooting an aggressor in the abdomen in self-defense, the term "accident" applies "not only to an unintentional or unexpected event which, if it occurs, will foreseeably bring on death, but equally to an intentional or expected event which unintentionally or unexpectedly had that result" (*id.* at 138 [internal quotation marks omitted]).

With respect to the exclusion, I conclude that there are triable issues of fact whether plaintiff "expected or intended" the harm to decedent (*see id.; Merchants Ins. of N.H., Inc. v Weaver*, 31 AD3d 945, 946).  Contrary to defendant's contention, this case does not fall within the "narrow class of cases in which the intentional act exclusion applies regardless of the insured's subjective intent" (*Slayko*, 98 NY2d at 293, citing *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161).  Thus, inasmuch as defendant failed to meet its burden of establishing that it has no obligation to indemnify plaintiff, I would modify the judgment by denying defendant's motion.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court