JOHN S. JORGENSEN, Appellant, v MARK D. SILVERMAN, Respondent. [638 NYS2d 482] —In an action to recover damages, *inter alia,* for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 28, 1994, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) upon the ground that it is barred by the Statute of Limitations.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's motion which was to dismiss so much of the complaint as asserts a cause of action to recover damages for breach of a retainer agreement, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.

An action sounding in legal malpractice may either be governed by the three-year Statute of Limitations normally applicable to malpractice actions *(see,* CPLR 214 [6]), or by the six-year limitations period applicable to contract actions, depending on the nature of the substantive relief sought by the plaintiff *(see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Ghandour v Shearson Lehman Bros.,* 213 AD2d 304). However, "[w]here a plaintiff fails to commence an action to recover damages on a legal malpractice claim within three years of the accrual of the cause of action, and seeks to rely on the six-year contract Statute of Limitations to protect that claim, the damages recoverable will be limited to those damages recoverable for a breach of contract" *(Santulli v Englert, Reilly & McHugh, supra,* at 709).

At bar, the plaintiff seeks recovery of the $12,000 retainer fee paid to the defendant for legal representation, treble damages for attorney misconduct pursuant to Judiciary Law § 487, and punitive damages in the sum of $100,000. Since the plaintiff's cause of action for return of the retainer fee seeks damages for injury to his pecuniary interests which would be recoverable under a breach of contract claim, the six-year contract limitations period applies *(see, Elliott v Jacobs,* 221 AD2d 889), and the Supreme Court thus erred in dismissing

this claim as time barred. However, the Supreme Court properly applied the three-year malpractice Statute of Limitations to the plaintiff's claims for treble damages pursuant to Judiciary Law § 487, and punitive damages, since such damages are not designed to compensate a plaintiff for injury to property or pecuniary interests, and are not customarily recoverable in a breach of contract action *(see, Santulli v Englert, Reilly & McHugh, supra; see also, Walker v Sheldon,* 10 NY2d 401, 404; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354). Accordingly, the plaintiff's claims for treble damages and punitive damages are time barred. Balletta, J. P., Joy, Krausman and Florio, JJ., concur.