■ ROBERT PURCIGLIOTTI et al., Respondents, v RISK ENTERPRISE MANAGEMENT LIMITED, Defendant, and HOME INSURANCE COMPANY, Appellant. [658 NYS2d 296] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 11, 1996, which, insofar as appealed from, declared in plaintiffs' favor that defendant insurer was obligated to defend plaintiffs against claims of legal malpractice, and directed defendant to pay plaintiffs' existing counsel their fees with respect to such claims, unanimously affirmed, without costs.

We agree with the IAS Court that the Federal court Racke-

teer Influenced and Corrupt Organizations Act (RICO) claims asserted against plaintiffs and their former clients for the preparation and filing of fraudulent workers' compensation claims did not give plaintiffs a reasonable basis to believe that they had breached a professional duty to their former clients or to foresee that their clients would be asserting cross claims for malpractice against them in the Federal action. A "claim", as defined in the subject policy, is not merely an awareness of the possibility that some wrongdoing has occurred, but rather a demand for specific relief that can be defended, settled and paid by the insurer (*see, Evanston Ins. Co. v GAB Bus. Servs.,* 132 AD2d 180, 185). Nor is the RICO claim so related to the malpractice claims that the notice plaintiffs gave defendant for the malpractice claims should be deemed to relate back to the notice plaintiffs gave their former insurer for the RICO claim. Accordingly, the exceptions in the insuring clause of the subject claims-made policy do not validate defendant's disclaimer (*cf., Fogelson v Home Ins. Co.,* 129 AD2d 508). Nor is the disclaimer validated by the exclusionary clause on which defendant relies since, resolving any ambiguities therein against defendant, that clause covered existing malpractice claims that predate defendant's policy, and the Federal court cross claims were not interposed until after the date of that policy. The award of existing counsel fees was warranted since the disclaimer, which forced plaintiffs to defend the Federal action themselves, created a potential conflict of interest between plaintiffs and defendant in the defense of that action, and plaintiffs should be permitted to retain their existing counsel, who have been working on the case for a number of years and are familiar with all of its aspects (*see, Baron v Home Ins. Co.,* 112 AD2d 391, 393; *Jadwiga Realty v General Acc. Ins. Co.,* 232 AD2d 831, 833). Concur—Wallach, J. P., Nardelli, Tom and Andrias, JJ.