■ George D. Rosenbaum, Appellant, v Chicago Insurance Company, Respondent, et al., Defendant. [761 NYS2d 637] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered July 9, 2002, which, to the extent appealed from as limited by the briefs, upon the parties' respective motions for summary judgment, declared in favor of defendant insurer that it is not obligated to defend or indemnify plaintiff attorney

in an underlying legal malpractice action, unanimously affirmed, without costs.

The underlying claim against plaintiff attorney is based on his alleged professional negligence in delaying the commencement of a medical malpractice action on behalf of his former clients, resulting in the dismissal of the clients' action as time-barred in 1989. Plaintiff alleges that he subsequently notified his prior professional liability carriers of the former clients' potential claim against him in 1992. After plaintiff switched his insurance to defendant Chicago Insurance Company (Chicago) in 1996, the former clients commenced a legal malpractice action against him in 1999. We agree with the motion court that, under the unambiguous policy terms and the undisputed facts, Chicago properly disclaimed coverage upon plaintiff's tender of the defense of the legal malpractice action.

Plaintiff's Chicago policy covers legal malpractice claims made against him during the policy period. Where such a claim is based on negligence that occurred prior to the policy period, however, coverage is subject to the condition that, prior to the effective date of the first policy issued to plaintiff by Chicago, plaintiff neither gave notice to any prior insurer of the alleged negligence giving rise to the claim, nor had reason to foresee the making of the claim. Since plaintiff, by his own account, gave his prior insurers notice of the alleged negligence giving rise to the subject claim before the inception of his first policy from Chicago, there is no coverage for this claim under the plain terms of the policy.

Contrary to plaintiff's contention, the "Claims Made Notice" provision contained in the "New York Amendatory Endorsement" does not require a different result. That provision, which makes the policy applicable to claims made and reported to Chicago "during the policy period, any subsequent renewal thereof, or during any applicable Extended Reporting period," simply amends the main policy form's coverage clause to add the term "any subsequent renewal thereof," thereby clarifying that coverage will not be lost merely because a claim is made during one policy period but reported during the subsequent renewal period. Plaintiff's broader interpretation of this endorsement provision is manifestly unreasonable, since it would negate all of the main policy form's conditions to, and exclusions from, coverage. There being no inconsistency between the endorsement and the main policy form's aforementioned conditions to coverage of claims arising from events preceding the policy period, such conditions are not superseded by the endorsement.

Plaintiff argues that his construction of the New York Amendatory Endorsement is supported by certain representations in an informational flyer he received from his insurance broker before he first applied to Chicago for coverage. Plaintiff's reliance on the flyer is unavailing, however, since the flyer, when read in its entirety, is consistent with the policy as construed above. While plaintiff points to statements in the flyer to the effect that it was unnecessary to purchase "tail coverage" from the existing carrier because the new carrier's policy would provide "full prior acts coverage," the flyer specifically advised plaintiff that "[o]utstanding claims will continue to be covered by the *current* carrier" (emphasis added), and that he should report all known potential claims "to the *current* carrier immediately" in order to "ensure that all eligible claim(s) will be covered under your *current* policy" (emphasis added). Thus, the flyer cannot reasonably be construed to represent that Chicago, the new carrier, would cover potential claims that were both (1) based on events that occurred prior to the inception of Chicago's coverage, and (2) known to plaintiff prior to the inception of Chicago's coverage (*see Ingalsbe v Chicago Ins. Co.*, 270 AD2d 684, 686 [2000], *lv dismissed* 95 NY2d 849 [2000]). We note that plaintiff expressly disclaims reliance on any theory that any statements in the flyer estop Chicago to disclaim coverage, or that any such statements constitute a waiver or modification of any terms of the policy.

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Rosenberger and Friedman, JJ.