■ CHARLESTOWNE FLOORS, INC., Appellant, v FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., Respondent, et al., Defendant. [791 NYS2d 748]—

Appeal from a judgment (denominated order) of the Supreme

Court, Erie County (Eugene M. Fahey, J.), entered December 23, 2003. The judgment denied plaintiff's motion for partial summary judgment, granted the cross motion of defendant Fidelity and Guaranty Insurance Underwriters, Inc. for summary judgment dismissing the complaint against it and denied plaintiff's cross motion for an order vacating the stay on discovery.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendant Fidelity and Guaranty Insurance Underwriters, Inc. as follows: "It is adjudged and declared that defendant Fidelity and Guaranty Insurance Underwriters, Inc. has no duty to defend or indemnify plaintiff in the underlying arbitration proceeding and as modified the judgment is affirmed without costs."

Memorandum: Plaintiff appeals from a judgment denying its motion for partial summary judgment in an action seeking a declaration that Fidelity and Guaranty Insurance Underwriters, Inc. (defendant) is obligated to defend and indemnify plaintiff in an underlying arbitration proceeding. The judgment also granted defendant's cross motion for summary judgment dismissing the complaint. Contrary to the contentions of plaintiff, defendant has not waived its right to assert noncoverage for consequential damages and is not estopped from asserting such noncoverage because of language in its letter disclaiming coverage for the underlying arbitration. Where, as here, there is no coverage under the policy, the doctrines of waiver and estoppel may not operate to create such coverage (*see Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.*, 125 AD2d 295, 297 [1986]). "[W]here the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions), the doctrine of waiver is simply inapplicable" (*Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]; *General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, 193 AD2d 135, 138 [1993]; *Sears Oil Co. v Merchants Ins. Group*, 88 AD2d 753 [1982]). "Further, there is no question of estoppel in this case since the insurer[ ] at all times denied liability to indemnify and refused to undertake to defend" (*Albert J. Schiff Assoc.*, 51 NY2d at 700; *see Penske Truck Leasing Co. v Home Ins. Co.*, 251 AD2d 478, 480 [1998]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423-424 [1998]). Supreme Court erred, however, in dismissing the complaint and in failing to declare the rights of the parties (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954

[1989]; *Pless v Town of Royalton*, 185 AD2d 659, 660 [1992], *affd* 81 NY2d 1047 [1993]). We therefore modify the judgment by vacating the provision dismissing the complaint and declaring that defendant has no duty to defend or indemnify plaintiff in the underlying arbitration proceeding. Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.