CRYSTAL WARD, as Administrator of the Estate of DEREK P. WARD, Deceased, Appellant, v COUNTY OF ALLEGANY, Respondent. [824 NYS2d 542]—

Appeal from a judgment (denominated order) of the Supreme Court, Allegany County (Larry M. Himelein, A.J.), entered February 7, 2006. The judgment granted defendant's motion for summary judgment and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendant as follows: "It is ADJUDGED AND DECLARED that defendant is not liable to pay supplementary underinsured motorist benefits to plaintiff" and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of the estate of decedent, who was killed accidentally in the line of duty as a deputy sheriff employed by defendant when another motorist ran a stop sign and rammed decedent's patrol car. By the first cause of action, plaintiff seeks a judgment declaring that defendant is liable to pay supplementary underinsured motorist (SUM) benefits to plaintiff as a result of the fatal accident on the ground that the $250,000 "Self-Insured Retention" (SIR) of defendant provides SUM coverage. Alternatively, in the event that the SIR does not provide SUM coverage, by her second cause of action plaintiff seeks a judgment declaring that defendant is nonetheless liable to pay the subject SUM benefits because it has waived its right to deny the existence of SUM coverage.

Supreme Court properly granted defendant's motion for summary judgment on the issues before it and denied plaintiff's cross motion for summary judgment on the complaint. Nevertheless, because this is a declaratory judgment action, the court erred in dismissing the complaint and in failing to declare the rights of the parties (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]), and we modify the judgment accordingly (*see Haines v New York Mut. Underwriters*, 30 AD3d 1030 [2006]).

The documentary evidence establishes as a matter of law that defendant did not procure SUM coverage from New York Municipal Insurance Reciprocal (NYMIR) that is applicable to decedent's accident. In contending otherwise, plaintiff cites the declaration page and endorsements comprising the main, or general liability, portion of the policy issued by NYMIR.

However, it is inappropriate for plaintiff to rely on that part of the policy because it excludes coverage for or on behalf of employees of defendant, such as decedent, who have been injured or killed on the job. The issue of underinsurance coverage hinges on the declarations and endorsements of the portion of the NYMIR policy that is denominated "Municipal Automobile Policy." Those declarations make clear that no SUM endorsement is part of the automobile insurance coverage and that defendant did not in fact procure such coverage from NYMIR. Because plaintiff's contention that SUM coverage is provided under defendant's SIR is based on the existence of such coverage under the policy issued by NYMIR, and there is no SUM coverage under the NYMIR policy, we conclude that there is no SUM coverage under the SIR.

The court further properly concluded that defendant has not waived its right to deny the existence of SUM coverage. The County Attorney's ill-advised admission concerning the existence of such coverage cannot be regarded as the intentional relinquishment of a known right of defendant (see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 698 [1980]). Moreover, where "there is no coverage under the policy, the doctrines of waiver and estoppel may not operate to create such coverage," and "[w]here the issue is the existence or nonexistence of coverage . . . , the doctrine of waiver is simply inapplicable" (Charlestowne Floors, Inc. v Fidelity & Guar. Ins. Underwriters, Inc., 16 AD3d 1026, 1027 [2005] [internal quotation marks omitted]; see Albert J. Schiff Assoc., 51 NY2d at 698; Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co., 125 AD2d 295, 297 [1986]). Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.