■ NYDIA VALENTIN, Plaintiff, v MANN & JUST, LLP, et al., Defendants/Third-Party Plaintiffs-Appellants. PHILADELPHIA INSURANCE COMPANIES, Third-Party Defendant-Respondent. [904 NYS2d 676]—

In an action to recover damages for legal malpractice, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 13, 2009, as, in effect, denied their motion for summary judgment declaring that the third-party defendant has a duty to defend and indemnify them in the main action, and granted that branch of the third-party defendant's cross motion which was for summary judgment declaring that it has no duty to defend and indemnify the defendants/third-party plaintiffs in the main action.

Ordered that the order is affirmed insofar as appealed from, with costs, the third-party action is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the third-party defendant Philadelphia Insurance Companies is not obligated to defend and indemnify the defendants/third-party plaintiffs in the main action.

The defendants/third-party plaintiffs (hereinafter the appel-

lants), the insureds under a claims-made professional liability insurance policy issued by the third-party defendant Philadelphia Insurance Companies (hereinafter PIC), failed to make a prima facie showing that PIC is obligated to defend and indemnify them in the main action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). On the other hand, in support of its cross motion, inter alia, for summary judgment declaring that it has no such duty, PIC made a prima facie showing that no "claim," as that term is defined in the subject policy, was made against the appellants within the policy period, or the extended reporting period (*see Evanston Ins. Co. v GAB Bus. Servs.*, 132 AD2d 180, 185 [1987]; *see also Purcigliotti v Risk Enter. Mgt. Ltd.*, 240 AD2d 205, 205 [1997]). Thus, the appellants are not entitled to coverage with respect to the legal malpractice claim alleged in the main action. In response to PIC's prima facie showing, the appellants failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of PIC's cross motion which was for summary judgment declaring that it has no duty to defend and indemnify the appellants in the main action, and properly, in effect, denied the appellants' motion for summary judgment seeking the contrary declaration.

The appellants' remaining contentions are without merit.

Since the appellants sought a declaratory judgment, the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that PIC is not obligated to defend and indemnify the appellants in the main action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.