1612

■ Amy McCabe, Respondents-Appellants, v St. Paul Fire and Marine Insurance Company, Appellant-Respondent, et al., Defendant. (Appeal No. 2.) [914 NYS2d 814]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered November 9, 2009. The judgment, insofar as appealed from and cross-appealed from, granted the motion of defendant St. Paul Fire and Marine Insurance Company for leave to reargue and adhered to the court's decision that said defendant was obligated to indemnify defendant David E. Fretz, Esq. for an award of compensatory damages obtained by plaintiffs and not for an award of treble damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that St. Paul Fire and Marine Insurance Company (defendant) is obligated to indemnify defendant David E. Fretz, Esq. in the underlying legal malpractice action brought by plaintiffs against Fretz. The "claims made" professional liability insurance policy issued to Fretz by defendant provided coverage for any claims made against Fretz that were reported to defendant within the policy period and extended reporting period, which expired on March 15, 2007. Defendant first learned of plaintiffs' claim against Fretz on June 22, 2007, and it promptly disclaimed coverage on the ground that the notification was untimely. Plaintiffs thereafter obtained a default judgment against Fretz in the underlying action and, following an inquest on damages, Supreme Court awarded $226,000 to plaintiffs in compensatory damages, which the court then trebled to $700,180.72 pursuant to Judiciary Law § 487.

Plaintiffs commenced the instant action after unsuccessfully attempting to collect on the judgment against Fretz in the underlying action. Plaintiffs thereafter moved for summary judgment on the complaint, and defendant cross-moved for summary judgment. In appeal No. 1, Supreme Court granted plaintiffs' motion in part and denied defendant's cross motion, declaring that defendant must indemnify Fretz "to the extent called for" in the insurance policy. Defendant moved for leave to reargue its cross motion and for clarification of the court's decision with respect to the phrase "must indemnify Fretz for the underlying liability to the extent called for by the policy." By the judgment in appeal No. 2, the court granted that part of the motion for leave to reargue and upon reargument the court adhered to its prior decision. However, the court also granted that part of the motion seeking clarification, and declared that defendant must indemnify Fretz for compensatory damages but "need not indemnify [Fretz] for treble damages" awarded pursuant to Judiciary Law § 487. We dismiss the appeal by defendant from the judgment in appeal No. 1, inasmuch as the judgment in appeal No. 2 superseded the judgment in appeal No. 1 (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). Thus, we address only the appeal by defendant and the cross appeal by plaintiffs from the judgment in appeal No. 2.

As a preliminary matter, we reject plaintiffs' contention that defendant waived its right to contend that plaintiffs failed to notify Fretz of their claim against him within the policy period or extended reporting period. Defendant's initial letter of disclaimer did not disclaim coverage on that ground, and an insurer generally waives any defense to coverage that is not specified in the notice of disclaimer (*see Utica Mut. Ins. Co. v Gath*, 265 AD2d 805 [1999]). Here, however, the issue before us is whether plaintiffs' claim against Fretz is covered under the claims-made insurance policy in question, and it is well settled that such a defense is not subject to waiver (*see Fogelson v Home Ins. Co.*, 129 AD2d 508, 510-511 [1987]; *see generally Charlestowne Floors, Inc. v Fidelity & Guar. Ins. Underwriters, Inc.*, 16 AD3d 1026, 1027 [2005]). "[W]here the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions), the doctrine of waiver is simply inapplicable" (*Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]), inasmuch as that doctrine "may not operate to create . . . coverage" where it never existed (*Charlestowne Floors, Inc.*, 16 AD3d at 1027; *see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]).

We nevertheless conclude that, although defendant did not

waive its contention that plaintiffs failed to assert a timely claim against Fretz, the contention lacks merit. In our view, plaintiffs' January 2, 2007 letter to Fretz constitutes a claim against Fretz under the terms of the policy (*see generally Evanston Ins. Co. v GAB Bus. Servs.*, 132 AD2d 180, 185-186 [1987]). Although plaintiffs did not specifically request monetary damages in that letter, they demanded that Fretz rectify their problem. The letter also makes clear that plaintiffs were alleging that Fretz was negligent, which falls within that part of the policy defining a claim as "alleging an error, omission or negligent act in the rendering of or failure to render 'professional legal services' for others by you."

We further conclude that plaintiffs gave defendant notice of their claim against Fretz as soon as was reasonably possible, and thus that their failure to give notice to defendant during the policy period or extended reporting period did not invalidate their claim (*see* Insurance Law § 3420 [a] [4]; *Wraight v Exchange Ins. Co.* [appeal No. 2], 234 AD2d 916, 917 [1996], *lv denied* 89 NY2d 813 [1997]). Contrary to defendant's contention, Insurance Law § 3420 (a) (3) and (4) do not include exceptions for claims-made insurance policies.

We agree with defendant, however, that the court properly declared that it is not required to indemnify Fretz with respect to the award of treble damages under Judiciary Law § 487. Such an award of treble damages under section 487 is punitive in nature (*see Amalfitano v Rosenberg*, 12 NY3d 8, 12-15 [2009]; *Jorgensen v Silverman*, 224 AD2d 665 [1996]; *see generally Cox v Microsoft Corp.*, 290 AD2d 206, 207 [2002], *lv dismissed* 98 NY2d 728 [2002]), and "New York public policy precludes insurance indemnification for punitive damage awards" (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 200 [1990]), including awards of statutory treble damages (*see Rental & Mgt. Assoc. v Hartford Ins. Co.*, 206 AD2d 288 [1994]). Moreover, under the terms of the insurance policy, defendant agreed to indemnify Fretz with respect to compensatory damages only, and treble damages awarded under Judiciary Law § 487 "are *not designed to compensate a plaintiff for injury to property or pecuniary interests*" (*Jorgensen*, 224 AD2d at 666). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ. **[Prior Case History: 25 Misc 3d 726.]**