*693 The Supreme Court properly determined that an attorney may not seek contribution under CPLR 1401 for any part of an award made pursuant to Judiciary Law § 487. “The policy of the law, as declared by the Legislature in CPLR 1401, is to allow contribution ‘unless it is clear that the legislative policy which led to the passage of the statute would be frustrated by the granting of contribution in favor of the person who violated the statute’ ” (Zona v Oatka Rest. & Lounge, 68 NY2d 824, 825-826 [1986], quoting 12th Ann Rep of NY Jud Conf on CPLR, reprinted in 1974 McKinney’s Session Laws of NY at 1808). Treble damages awarded under Judiciary Law § 487 “ ‘are not designed to compensate a plaintiff for injury to property or pecuniary interests’ ” (McCabe v St. Paul Fire & Mar. Ins. Co., 79 AD3d 1612, 1614 [2010], quoting Jorgensen v Silverman, 224 AD2d 665, 666 [1996]). They are designed to punish attorneys who violate the statute and to deter them from betraying their “special obligation to protect the integrity of the courts and foster their truth-seeking function” (Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]). Allowing an attorney who violates Judiciary Law § 487 to seek contribution for any part of the award would run counter to this intent (but see Trepel v Dippold, 2006 WL 3054336, 2006 US Dist LEXIS 78050 [SD NY 2006]).
The parties’ remaining contentions have been rendered academic in light of our determination. Angiolillo, J.E, Florio, Belen and Roman, JJ., concur.
Motion by the defendant/third-party plaintiff-appellant to strike the plaintiffs brief on an appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), entered February 23, 2011, on the ground that the plaintiff is not a proper party to the appeal. By decision and order on motion of this Court dated April 27, 2012, the motion was held in abeyance and *694 referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is granted, and the plaintiffs brief is stricken and has not been considered in the determination of the appeal. Angiolillo, J.E, Florio, Belen and Roman, JJ., concur.