Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), dated February 15, 2017. The order, among other things, denied the motion of defendant Motor Vehicle Accident Indemnification Corporation seeking, in effect, a declaration that plaintiff is not entitled to no-fault insurance benefits from it.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that Motor Vehicle Accident Indemnification Corporation (defendant) is required to provide him with no-fault insurance benefits. Defendant now appeals from an order that, inter alia, denied its motion for summary judgment seeking, in effect, a declaration that plaintiff is not entitled to such benefits from defendant (see e.g. Leo v New York Cent. Mut. Fire Ins. Co., 136 AD3d 1333, 1333 [4th Dept 2016], lv denied 28 NY3d 902 [2016]; Ward v County of Allegany, 34 AD3d 1288, 1289 [4th Dept 2006]). We affirm.
 

 Contrary to defendant’s contention, it failed to meet its burden on the motion of establishing as a matter of law that plaintiff was not entitled to no-fault insurance benefits. Insofar as relevant here, the Insurance Law provides that no-fault benefits are to be given “to a qualified person for basic economic loss arising out of the use or operation . . . of an uninsured motor vehicle” (Insurance Law § 5221 [b] [1]) and, in pertinent part, the statute defines a qualified person as “a resident of this state, other than an insured or the owner of an uninsured motor vehicle” (§ 5202 [b] [i]). Vehicle and Traffic Law § 128 defines an owner as, inter alia, “[a] person . . . having the property in or title to a vehicle or vessel.” We have previously stated that, “[generally, 'ownership is in the registered owner of the vehicle or one holding the documents of title [,] but a party may rebut the inference that arises from these circumstances’ ” (Martin v Lancer Ins. Co., 133 AD3d 1219, 1220 [4th Dept 2015]).
 

 Here, in support of its motion, defendant submitted plaintiff’s testimony that he was the co-owner of the vehicle, and that he and his fiancée paid for the vehicle, its maintenance, and a Florida insurance policy that did not cover plaintiff. Nevertheless, defendant also submitted the registration, title, and insurance documents for the vehicle, all of which list plaintiff’s father as the owner. Consequently, Supreme Court properly determined that, inasmuch as “there is conflicting evidence of ownership, the issue must be resolved by a trier of fact” (id.). Because defendant did not meet its initial burden on the motion for summary judgment, “the burden never shifted to [plaintiff], and denial of the motion was required 'regardless of the sufficiency of the opposing papers’ ” (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Present— Smith, J.P., Carni, Curran and Winslow, JJ.