WMOP, LLC v Scottsdale Ins. Co. (2021 NY Slip Op 01240)





WMOP, LLC v Scottsdale Ins. Co.


2021 NY Slip Op 01240


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 655953/18 Appeal No. 13236 Case No. 2020-02457 

[*1]WMOP, LLC, et al., Plaintiffs-Respondents-Appellants,
v
Scottsdale Insurance Company, Defendant-Respondent, Mt. Hawley Insurance Company, Defendant-Appellant.


Ford Marrin Esposito Witmeyer & Gleser, L.L.P., New York (Joseph D'Ambrosio of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (David B. Hamm of counsel), for respondents-appellants.
Tressler LLP, New York (Courtney E. Scott of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 11, 2020, which granted the motion of defendant Scottsdale Insurance Company (Scottsdale) to dismiss the complaint as against it and declared that Scottsdale does not have a duty to defend or indemnify plaintiffs (collectively WMOP) in the underlying action, and denied Mt. Hawley's motion to dismiss the complaint as against it, unanimously modified, on the law, to grant Mt. Hawley's motion and it is declared that Mt. Hawley has no duty to defend or indemnify WMOP in the underlying action, and otherwise affirmed, without costs.
The May 19, 2017 letter from a law firm, which requested records from WMOP but made no demands for relief, cannot be deemed a "claim" made during the Scottsdale policy period (see Purcigliotti v Risk Enter. Mgt. Ltd., 240 AD2d 205, 206 [1st Dept 1997]; Evanston Ins. Co. v GAB Bus. Servs., 132 AD2d 180, 185 [1st Dept 1987]). Despite the fact that WMOP was contacted by Scottsdale for additional information regarding the matter, it failed to comply with policy reporting requirements under Scottsdale's claims made and reported policy, a condition precedent to coverage (see Great Canal Realty Corp. v Seneca Ins. Co. Inc.,5 NY3d 742, 743 [2005]).
Although the law firm letter may not have constituted a claim, occurrence, or medical incident under the Mt. Hawley policy, the letter, with the threat of a legal proceeding relating to the care that WMOP had provided to the decedent, concerned "facts, matters, [or] events" that were not disclosed, but for which WMOP now demands coverage from Mt. Hawley. Guided by the plain language of the Mt. Hawley policy (see Westchester Fire Ins. Co. v Schorsch, 186 AD3d 132, 140 [1st Dept 2020]), the "Prior Acts" exclusion of the Mt. Hawley policy was triggered. The cases relied upon by the motion court and WMOP are inapposite, as they involve the "Prior Knowledge" exclusion, as opposed to the exclusion at issue in this appeal (see e.g. Executive Risk Indem. Inc. v Pepper Hamilton LLP, 13 NY3d 313, 322 [2009]; Rosenbaum v Chicago Ins. Co., 306 AD2d 29, 30 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021